OLLY SPARKS *v.* SAMUEL B. SPARKS.

In a petition for divorce, and for alimony *pendente lite*, it is error in the Court below to decide, at the return term, upon matter alleged as a bar to the petitioner's right to a decree. And upon the petitioner's making out a *prima facie* case, she is entitled under the Act of Assembly to alimony *pendente lite*.

Defendant, in answer to a petition for divorce, relies upon a record of a former suit between the petitioner and himself, his answer in which suit alleged adultery on the part of the petitioner, and in which the jury found that the petitioner had been guilty of adultery with J. M., or with "some one else:" *Held*, that such allegation was so indefinite and so vague as to be void and of no legal effect.

PETITION for divorce and alimony *pendente lite*, heard before *Henry, J.*, at Spring Term, 1873, of the Superior Court of YANCEY county.

The following facts are agreed, and are all that are pertinent to the point decided at this term:

The plaintiff filed her complaint, alleging adultery, &c., and praying a divorce *a vinculo matrimonii*, and for alimony during the pendency of the suit. At the appearance term, the defendant having been served with process, the plaintiff moved the Court to allow her alimony *pendente lite*. Thereupon the defendant files an affidavit in which he swears that the issues now made in this case have been adjudicated and decided in a suit tried in McDowell county, in which the jury find a verdict in favor of defendant, and offers in evidence the transcript of the record of that suit. To this evidence plaintiff objected. Objection overruled and evidence admitted.

His Honor refused to order alimony *pendente lite*, and the plaintiff appealed.

*Malone*, for appellant, submitted:

1. This case raises the question as to the power and duty of the Court in granting alimony *pendente lite*.

2. The complaint and affidavit being sufficent upon their

face the Court should have granted alimony *pendente lite* at the appearance term, and it is error to consider the merits of the defense at the appearance term, and to refuse the allowance. *Taylor* v. *Taylor*, 1 Jones 538; Revised Code chap. 39, sec. 15, Acts of 1871–'2 page 339 and 340 and 341.

3. The former verdict of the jury finding most of the material issues against the plaintiff is no bar for the following reasons: first, the complaint alledges acts of adultery and general acts of prostitution *subsequent* to the finding of the jury; second, if it should be a bar to a divorce from the bonds of matrimony, still the Court should have entertained the application for the purposes of alimony, and for such other decrees as the equity of the case might warrant. Revised Code chap. 39; third, the issues were not specific in their statements, and therefore void, and have no binding validity. *Wood* v. *Wood*, 5 Ired. 674; fourth, the verdict of the jury is not binding on the power; it only presents facts for his adjudication.

4. A judgment is *void* when rendered contrary to the course of the Court. *White* v. *Albertson*, 3 Dev. 341; and hence in this case the jury not having found a state of facts " according to the course of the Court " a judgment thereon is void, and may be disregarded by the parties.

5. The application for *alimony* is not necessarily a part of the action for divorce. *Cox* v. *Cox*, 19 Ohio, 546.

6. The statement of the relation of husband and wife— the abandonment of def't—the condition and title to the property, and the support of the child constitute a case for alimony. Acts 1871–'72, (Title Marriage.)

No counsel *contra* in this Court.

PEARSON, C. J. Assuming that in any case a plea in bar of an action for divorce, to wit: "former judgment against 'the petition" put in on affidavit, at the appearance term,

can be allowed the effect to defeat the petitioner's application for alimony, pending the action, which we are not prepared to admit; it cannot be allowed that effect in the present case. The issues in the former case were tried Spring Term, 1872, and the petitioner *now* avers, as *new matter*, that "the defendant is *now* and has been living with Nancy Reston in his house, in open adultery, and they live together as man and wife." This in despite of "the finding," makes a *prima facie* case for divorce, and the petitioner was entitled to alimony, until she has opportunity to make good her allegation of *new matter*.

In respect to the issue upon the matter in bar, set out in the record of the former proceeding, to wit: the adultery of the petitioner, it will be noted that the allegation of this matter, which is afterwards converted into a bar of the right to divorce, is vague and indefinite, and seems to have been made *alierndo*.

"This defendant denies the allegation that Mary J., aged six years, is the issue of the marriage, but avers that the said Mary J. is a bastard; that he is not her father, she being born when he had not had intercourse with plaintiff for eleven months.

It will also be noted that the issue submitted to the jury as growing out of this allegation is likewise too vague and indefinite to be acted on by a Court, or to be allowed the effect of an estoppel of record, and a perpetual bar to any relief that the petitioner may ask for. The issue is in these words: "4th. Has the plaintiff been guilty of adultery with Josiah Moody, or "*any one else?*" to which the jury respond in the affirmative. Who can say whether the jury meant to find adultery with this Josiah Moody, who is for the first time mentioned, or with *some one else*—thus leaving the matter at large, and imposed upon the petitioner the burden of explaining every incident of her life from the time of the marriage, which was considerable and against the course of

21

the Court, settled by the authorities in divorce cases, cited by Mr. Malone in his well considered brief.

We are of opinion that his Honor erred in deciding upon this matter in bar, at the return term, and as the petitioner made a *prima facie* case, she ought to have allowed alimony *pendente lite.*

We are also of opinion that the allegation of adultery on the part of the petitioner set up in the answer in the first proceeding and the issue found thereon, are both so indefinite and vague as to be void and of no legal effect by way of estoppel.

There is error; order refusing alimony reversed. This will be certified.

PER CURIAM.    Order reversed, and alimony *pendente lite* allowed.