MARY E. CRAM v. WILLIAM C. CRAM.

*Husband and Wife—Action by Deserted Wife for Allowance for Support—Jurisdiction—Province of Judge to Determine Amount of Allowance—Statutes, Construction of—Headings of Code Chapters.*

1. A heading or title arranged by the compilers for a chapter or section of *The Code* in no way affects the construction of the language of the statute itself.

2. A wife who has been deserted by her husband and left unprovided for may, under section 1292 of *The Code*, sue him for a support, without asking for a divorce.

3. The fact that the summons, in a proceeding under section 1292 of *The Code*, of which a Judge of the Superior Court has jurisdiction, was made returnable at Term, does not affect the jurisdiction of the Judge to hear and determine the matter.

4. Vague and indefinite allegations of infidelity on the part of a wife made by a husband in his answer to her complaint in a proceeding for support and maintenance, under section 1292 of *The Code*, will not be allowed to affect the question of the husband's liability in such proceeding.

5. Where, by an agreement for a separation between husband and wife, the former agreed to pay a certain monthly allowance, and the husband, after paying several installments discontinued the payments, he cannot set up the agreement in bar of her action for a support under section 1292 of *The Code* even though he discontinued the payments because she demanded that the allowance be increased.

6. In proceedings under section 1292 of *The Code* it is the province and duty of the Judge to determine what is a reasonable subsistence for the wife, either by hearing testimony himself or by reference to a referee to ascertain the facts as to the income of the husband, etc.

CIVIL ACTION, or proceeding under 1292 of *The Code*, heard before *Bynum, J.*, at October Term, 1894, of WAKE Superior Court. The plaintiff, Mary E. Cram, commenced the

action by a summons against the defendant, William C. Cram, made returnable to October Term, 1894, of said court and filed her complaint on the 20th October, 1894, in which she alleged the marriage of herself and husband in New York, in October, 1871, the birth of a son, the defendant's subsequent infidelity and desertion, his removal to North Carolina and his living with another as his wife. She further alleged that she had no means of support for herself and son but was compelled for a long period to maintain herself and son by manual labor; that through negotiations she obtained from the defendant an agreement to pay her $10 per month, which he did not keep and perform. Subsequently, in 1892, she came to Raleigh, where he was living, and after negotiations with the defendant, a written agreement was entered into between herself and her husband by which he agreed to pay her $400 in cash at that time and $50 per month during her life, while she agreed, on her part, to leave the State and never return, from which agreement she claims to be absolved by the failure of the defendant to keep his promise as to the payment of the monthly allowance. The complaint further alleged that defendant was a man of considerable property and income, that his desertion of plaintiff was without excuse or any fault on her part and that she had always bemeaned herself as a faithful and affectionate wife, &c. The prayer is for an allowance from the property and income of the defendant and for an order restraining him from selling any of his property until the allowance be paid.

The defendant moved to dismiss the action on the ground (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that the Superior Court in term has no jurisdiction of the action but the same should be by special proceeding before the judges of said court; (3)

that the plaintiff had not filed such affidavit as was required to be filed with such complaint by section 1287 of *The Code*, stating that the complainant has been a resident of the State for two years next preceding the filing of the complaint, and that the verification of the complaint is insufficient in law to give the said action a status in this Court. The Court refused the motion and defendant excepted.

The defendant then filed his answer in which he alleged that when about 18 years of age he became acquainted with the plaintiff, who was then 25 or 30 years of age and was then and had been years previous a woman of loose virtue and habits; that she exercised an artful influence over him and that some ceremony, which he did not at the time regard as a marriage, took place and thereafter they lived together, that he left the place at which they were residing to seek employment elsewhere at his trade, and subsequently refused to live with plaintiff on account of her character and alleged relations with other men ; that he paid her the $10 por month so long as he knew where to send it, but discontinued it when she changed her address without informing him as to her whereabouts ; that he kept the agreement made in 1892 until the plaintiff wrote to him that unless he paid her a larger amount she would come back to Raleigh, and he then declined to pay her any more. The answer denies that defendant is a man of property or any considerable income. The defendant avers that his abandonment of the plaintiff was caused by her lewd and vicious life and conduct before and after the marriage and alleges that since his abandonment she has cohabited with other men and had so admitted to him. The defendant also set up the agreement entered into between him and plaintiff as a contract for a separation for a valuable consideration, &c.

Thereupon the plaintiff moved for judgment against

CRAM v. CRAM.

defendant upon complaint and answer for support and maintenance. The defendant objected to the hearing of this motion or any trial of the action at this, which was the appearance term of the Court for this action. This objection was overruled by the Court, and the defendant excepted. The Court then heard the plaintiff's motion, and found the facts and rendered the judgment as follows:

This cause coming on to be heard upon the complaint and answer, the Court finds as facts upon the pleadings and admissions in the answer that the plaintiff and the defendant were lawfully married; that they have never been divorced, and therefore the Court considers and adjudges that the plaintiff is entitled to a support and maintenance out of the property of the defendant; that she recover the same and her costs of suit, and this cause is retained for inquiry by a jury as to the amount of maintenance to which the plaintiff is entitled.

The defendant objected to the finding of facts by the Court. Objection overruled and defendant excepted. The defendant excepted to the judgment rendered by the Court, and prayed an appeal.

The defendant alleges, as grounds of his appeal and errors in law: The several exceptions to rulings, proceedings and judgment of the Court as before stated; and more particularly, as it was stated by the counsel for the plaintiff, and was held by the Court, that this was not an action for alimony under the statute, but an action for support and maintenance, the Court could not find the facts and give judgment for support and maintenance at the appearance Term of this action, nor at any other Term.

*Messrs. T. M. Argo* and *J. H. Fleming*, for plaintiff.
*Messrs. Shepherd & Busbee, T. P. Devereux* and *J. B. Batchelor*, for defendant (appellant).

CRAM *v.* CRAM.

AVERY, J. : The statute (*The Code*, Sec. 1292) provides that "if any husband shall separate himself from his wife and fail to provide her with the necessary subsistence, according to his means and condition in life, etc., the wife may apply for a special proceeding to the Judge of the Superior Court for the County in which he resides, to have a reasonable subsistence secured to her and to the children of the marriage from the estate of the husband, etc."

Postponing for the present the discussion of the sufficiency of the reasons offered by him for discontinuing the payment of an allowance to her, and of the validity of the agreement under which it was paid, we deem it best to first pass upon the question that confronts us *in limine*, whether the plaintiff can, either under the statute or in the assertion of a right conceded to her by our courts of equity and not destroyed by the later marriage acts, maintain this action against her husband. It is admitted that the defendant was married to her; that he separated from her, and for some time before the action was brought had failed to provide for her support. It follows necessarily, that if the Court had jurisdiction of this proceeding, she had the right to recover unless precluded by some matter set up in bar by the defendant. The plaintiff had the privilege of issuing a summons returnable in vacation, as in other special proceedings, except that it was required to be heard before the Judge, not the Clerk of the Court. The fact that she did not avail herself of that right but fixed the return day during the Term, when it would be presumably more agreeable to the Court and suitors to have it determined, seems to us to furnish no sufficient reason for doubting the jurisdiction of the Court. The preparation by the compilers of *The Code* of a heading for the section, printed in different type and intended to convey an idea of its contents without reading, and which was also a part of the index to the

volume, in no way affects the construction of the language of the section itself, when its meaning is so perfectly obvious.   Were we at liberty to treat it as a preamble, its aid could not be invoked in ascertaining what was the legislative intent, unless that intent had been expressed in doubtful terms.   *Randall* v. *R. R.*, 104 N. C., 410.   Under the common law rule, which left the husband at liberty always to contest the wife's agency, as well as the question whether supplies provided her were necessary and suitable to her station in life, the wife was often subjected to inconvenience, if not suffering, in providing for the support of herself and her children.   It was because she was relieved of this hardship by being allowed to bring her action against her husband (at first by *prochein ami*) in a court of equity, that the courts of equity in some of the States assumed jurisdiction of the enforcement of this obligation as well as of some contracts, not recognized by courts of law, where her existence was deemed to be merged in that of the husband.   1 Bishop, Marriage & D., sections 1385, 1395 and 1397; 3 Pomeroy Eq. Jur., 1299; 1 Bishop, Married Women, Sec. 643; 1 Pomeroy Eq. Jur., Sec. 171 (p. 196, 2nd Ed.); Stewart, Husband & Wife, Sec. 74.

It is not necessary that we should determine whether this Court has aligned itself with those which sustain the exercise of this equitable jurisdiction, or with those holding the opposite view, since whatever may have been the rule before the enactment of the statute, there is no room for doubt as to the intention of the Legislature.   Whether it was passed in affirmance of an existing principle or by way of establishing a new doctrine is immaterial if, by the terms of the statute, the right to sue for a support without asking for a divorce is given to a wife who has been deserted and left unprovided for by her husband.   Where the statute makes the proceeding plainly but a means of obtaining the

reasonable subsistence, which the law makes it the duty of the husband to furnish to the wife, the head-lines cannot be allowed the effect of uselessly cumbering it with the requirements as to form, prescribed for applications for divorce and alimony by section 1287, for reasons which are inapplicable to a suit of this kind.

The allegations in the answer of infidelity on the part of the wife are too vague and indefinite to constitute the basis of an action for divorce, and are entitled to no consideration in determining the question of the husband's liability in this proceeding. *Sparks* v. *Sparks*, 69 N. C., 319. While it is conceded that the statute (*Code*, Sec. 1831) recognizes the validity of deeds and agreements of separation between husband and wife, where they are living apart at the time of execution (*Sparks* v. *Sparks*, 94 N. C., 527; and 1 Bishop, M. & D., Sections 1251, 1269, 1270 and 1303) it is equally true that while such contracts are tolerated, they have not been looked upon with favor by this Court. 107 N. C., 273. If we concede that the plaintiff had the right to demand that the agreement mentioned in the answer be enforced, had she chosen to sue upon it, the defendant will not nevertheless be allowed, after repudiating it by ceasing to pay or offer to pay according to its provisions, to set it up as a bar to her recovery in this action, even though she may have demanded by letter a sum larger than that which she had stipulated in the agreement to take as a sufficient allowance. It is not the contract to pay a certain sum, in lieu, which quits the husband of his duty to furnish a support for the wife when he is discharged, but the actual payment or attempt or offer to pay in fulfillment of his agreement. Kelly's Contract, Married Women, p. 75; 1 Cord's Legal and Eq. Rights of Married Women, Secs. 144, 145. Having ceased to perform his agreement to pay the monthly allowance, referred to in the

pleadings, it will not avail him now as a defense to this proceeding for maintenance on the part of the plaintiff to whom he admits that he was married, and whom it is conceded that he afterwards deserted. Whether her conduct from other standpoints has been commendable or not, looking at this case only in its legal aspect, we find no averment in his answer that is sufficient in law to discharge him from the duty which grows out of his admitted relations to her.

The only remaining question is whether the order of the Court that the plaintiff is entitled to a support and costs, and that the cause be retained for the jury to inquire as to the amount to be allowed for maintenance, was such a judgment as the Court ought to have rendered. As we have said, this is denominated a special proceeding, with the *special* peculiarity that it is returnable before the Judge, who is substituted for the Clerk. When issues of fact are raised, therefore, it must have been the intention of the legsilature that the Judge, like the Clerk, shall enter the cause on the docket for trial by jury. *Code,* Sec. 116, 278 *et seq.* If, for instance, the marriage and subsequent separation had been denied by the defendant, it would have been the duty of the Judge, whether the cause had come before him in vacation or during the term, to have ordered a trial by jury of the issues of fact so raised. But it is the province of the Judge, not of the jury, to ascertain and adjudge what is a reasonable allowance for the maintenance of the wife. What are necessaries, suitable to the station in life of an infant or a *feme covert,* is a question for the jury, but where facts are found or admitted which entitle a wife to a statutory allowance for support, it becomes the duty of the Judge, as in the case of fixing the amount of alimony, to either hear evidence himself or to order a reference to ascertain such facts, as to the income

of the husband, the value of his estate, &c., as will enable him to determine what is "a reasonable subsistence, according to his (the husband's) condition and circumstances" as the statute declares "it shall be lawful for such judge" to do.

The judgment therefore must be modified so as to leave the Judge at liberty to ascertain the condition and circumstances of the defendant, and make such allowance as he may deem just.   Let the defendant pay the costs of the appeal.

Judgment Modified and Affirmed.