ALLEN, J., dissenting; BROWN, J., concurring in the dissenting opinion.
In February, 1914, the plaintiff brought two suits against the defendant, one for divorce a mesna et thoro and alimony, and the other for the purpose of declaring the defendant a trustee, holding the title to certain land for plaintiff. Both actions were brought at the same time, and the return term was April Term, 1914, of Mitchell. The defendant could not be found in the State, and service in both actions was made by publication. At July Term, 1914, the plaintiff obtained a judgment in the one case of $500 for alimony, and in the other case the defendant was declared a trustee as holding the title to a certain parcel of land for the plaintiff. A tract of land which was owned by defendant, and to which plaintiff claimed no title, was sold 2 November, 1914, under execution issued upon the judgment obtained for alimony, at which sale the plaintiff became the last and highest bidder, and she obtained title under the sheriff's deed. On 26 March, 1919, and after the death of the plaintiff, who had made a will devising this property to the Episcopal Church, the defendant, a nonresident, through his counsel made a motion to vacate both of said judgments upon the ground that he did not know of the judgments until after 1 January, 1919; that service had been had on him by publication, and that no attachments had issued in said causes.
The court set aside the judgment in both cases, and the plaintiff appealed.
The cases being between the same parties, and the facts as to both being substantially similar, they can be treated as one in this appeal.
In the first case, the wife, Josephine White, brought an action against her husband, the defendant, Charles H. White, for divorce a mensa et thoro
and alimony. Upon inspection of the record, the proceeding was regular and according to the course and practice of the Court in every particular. It appearing upon affidavit that the defendant could not after due diligence be found in this State, and that a cause of action existed against the defendant for divorce and alimony, it was ordered *Page 595 
that publication be made in the manner required by law, and that said publication was duly made requiring the defendant to answer at the term of Mitchell Superior Court beginning the first Monday in April, 1914. The complaint was in regular form, and alleged that the parties were married; that the plaintiff had been a dutiful and faithful wife in every respect; that the plaintiff at the time of the marriage had some money, and an income with which she purchased their home in this State; that the defendant abandoned her; that she discovered that the defendant and a woman whom he had engaged as housekeeper had improper relations, whereupon the plaintiff drove her off; that the defendant, in 1911, soon after, abandoned the plaintiff and left the State; that in April, 1912, he returned to this State, and caused the plaintiff to be arrested upon the charge of insanity, and brought before the clerk for examination, who after such examination discharged the plaintiff and taxed the defendant with the costs. She further alleged that the house and lot on which she lived had been bought with her money, but the defendant had taken title in his own name. She further alleged that the defendant was then a professor in Harvard University obtaining a salary of $3,000 to $4,000. Whereupon she asked for alimony pending the action, and for a decree that the judgment should be declared a charge upon the land of defendant, which was fully described in the complaint. The affidavit to the complaint is in due form, as was the judgment and all the proceedings therein by which the judge allowed her $500 for alimony pending the action up to November Term, 1914, and decreed the same should be a lien on the property of the defendant in Mitchell County, which was set out and described in the complaint. Execution regularly issued upon this judgment, and under it, the said property was sold and purchased by the plaintiff 2 November, 1914, as returned by the sheriff on said execution, at the sum of $500, which was entered as a credit on the judgment in favor of the plaintiff against the defendant. The plaintiff died in November, 1918, and the defendant, on 25 March, 1919, gave notice that he would move at the next term of the Superior Court to set aside the two judgments entered against the defendant at July Term, 1914, of Mitchell.
On hearing the motion, his Honor set aside both judgments in September, 1919, upon the ground that the defendant, Charles H. White, had no notice either of the pending suit or of the judgment rendered at July Term, 1914, until January, 1919; that the defendant has a good and meritorious defense; that no attachment was ever issued or levied in the cause. The plaintiff in the original judgment died in the latter part of 1918 and her executor, J. A. Gouge, qualified as her executor, and appeared in this cause to resist the motion. *Page 596 
His Honor was erroneously of the opinion that the failure to obtain personal service upon the defendant, or to obtain an attachment as a basis of the proceeding was an irregularity. The plaintiff excepts that there is no evidence which warranted the court in finding as a fact that the defendant had no notice of the proceeding.
The case on appeal states that there was no evidence on behalf of the defendant except his own affidavit in which he testifies that he "was never served with summons in either of the above named cases, and never heard of either judgment being entered against him until the first day of January, 1919." He does not testify, as the judge inadvertently found, that he "had no notice whatever, either of the pending suit, or of the judgment signed until January, 1919." On the contrary, there is the affidavit of M. L. Wilson, the counsel who brought these actions, who testified that after the complaints had been filed, and before judgment was taken, at the request of Mr. J. W. Pless, counsel for the defendant, he had a conference with him for a settlement of the matters in controversy, that a settlement of said cases was agreed upon, the terms of the said agreement drawn up in legal form, and signed by the attorneys on both sides, but subject to the approval of the defendant, and later the counsel for the defendant informed him that his client had declined to approve the settlement, and thereafter the judgments were regularly obtained. Where there is any evidence, the findings of fact by the court are conclusive, but when there is no evidence to sustain a finding of fact, it must be set aside. In corroboration of the testimony of M. L. Wilson are the affidavits of J. A. Gouge that in October, 1916, more than two years after judgment was taken in both said cases, the defendant wrote him from Cambridge, Mass., about the property, and said that his wife's need was not so urgent, as she was in possession of the property, and though she could not sell it at the price she wanted, she ought to be able to get a loan upon it as security, and a copy of his letter to that effect is attached. There was no evidence offered that the defendant did not have notice of these actions prior to the judgment.
Alimony is an allowance for the support of the wife, and the amount may be increased or reduced, for cause, from time to time. But it is never ordered to be paid back, as is sought in this case — especially would this be inconceivable as to alimony pendente lite, and after the lapse of nearly 5 years and the death of the wife.
The defendant is an educated man. After abandoning his wife for another woman, as the sworn complaint avers (to which he did not attempt to file answer during her life), he was a professor at Harvard, and during these long years of absence he had knowledge of the actions the settlement of which by his counsel he refused to ratify, and that *Page 597 
his wife in some way had come into possession of the lands he left here.
Upon the uncontradicted affidavits set out in the record the court should have found that the defendant did have notice of the institution and pendency of said action. While we cannot find the facts, we must hold upon this record that there was no evidence justifying the finding that the defendant had no notice of the pendency of the suit, and the proceedings being regular upon their face in all respects, such finding is reversed.Marsh v. Griffin, 123 N.C. 669; Ricaud v. Alderman, 132 N.C. 64. The affidavit of the defendant that he did not have notice of the judgment till recently is very far from denying knowledge of the pending actions in ample time to make defense, as appears from the affidavit of M. L. Wilson as to the settlement in writing of the matter in controversy with defendant's counsel and defendant's letter to Gouge as to the wife's possession of the property, which show that he had full opportunity to make his defense.
Rev., 1566, authorized the allowance of support and alimony to the deserted wife, and gives to the court ample power to declare the same a lien on the land of the defendant, described in the complaint, and order the sale of the land to pay it. Bailey v. Bailey, 127 N.C. 474. Theproviso in that section provides that "If the husband shall have abandoned his wife and left the State, . . . no notice shall be necessary," of the application for alimony pendente lite.
"The purpose of this enactment is to afford the wife present pecuniary relief pending the progress of action." Moore v. Moore, 130 N.C. 334;Morris v. Morris, 89 N.C. 111. Application for alimony pendente lite may be made by motion in the cause. Zimmerman v. Zimmerman, 113 N.C. 432;Reeves v. Reeves, 82 N.C. 348.
In Zimmerman v. Zimmerman, supra, it is said: "The requirement that the judge shall find such allegations of the complaint to be true as will entitle plaintiff to order applies only where such allegations are controverted." In this case, it appeared that the defendant was absent from the State, and could not be found, both the order of Judge Long and in the judgment of the clerk ordering publication upon that finding. The judgment of Judge Long at July Term, 1914, decreeing alimony recites that the "defendant had been served by publication in the action for divorce, and also for alimony, at April Term, 1914, of the Superior Court of Mitchell; that a motion had been made by plaintiff at said term, and had been continued, and it appearing further to the court that the plaintiff had not received any support from the defendant since January, 1913," it was "adjudged by the court that the plaintiff be allowed the sum of $500 as alimony pending this action up to November Term, 1914, of this court, and the same is hereby *Page 598 
constituted a lien on all property of the defendant in Mitchell County, as set out and described in the complaint."
In Bailey v. Bailey, 127 N.C. 474, it is held: "Land of a husband who is out of the State may be charged with alimony pendente lite, and attorneys' fees." In Sparks v. Sparks, 69 N.C. 319, it is said: "Upon the wife making out a prima facie case she is entitled to alimony pendentelite." The orders in this case adjudge that she was unable to give bond, and she was allowed to sue in forma pauperis, and the judgment recites that her husband had given her no support since January, 1913, which facts are held to be sufficient to justify such order. Miller v. Miller, 75 N.C. 70. If the findings of fact in the judgment had been not full enough the order would not have been void, but simply held erroneous on appeal. Moodyv. Moody, 118 N.C. 926.
No notice other than by publication, nor any attachment was necessary in either of these cases. Rev., 442, provides that service by publication is sufficient when, as here, "The person on whom the service of summons is to be made cannot, after due diligence, be found within the State, and the fact appears by affidavit to the satisfaction of the court, or to a judge thereof, and in like manner it appears that a cause of action exists against the defendant in respect to whom service is to be made, or that he is a proper party to an action relating to real property in this State, such court or judge may grant an order that the service be made by publication of a notice in either of the following cases: . . . 5. Where the action is for divorce."
Subsec. 4 of said sec. 442 provides that such service by publication may be made "Where the subject of the action is real or personal property in this State, and the defendant has, or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein." This applies to the action to declare the defendant trustee for his wife as to the tract bought with her money. Hoke, J., Vick v. Flournoy, 147 N.C. 213; Grahamv. O'Bryan, 120 N.C. 463.
In Bernhardt v. Brown, 118 N.C. 705, the Court said: "Proceedings in divorce are sui generis as the judgment therein merely declares a personal status, and publication of the summons is allowed without the acquisition of jurisdiction by attachment of property, the court having jurisdiction of the person of the plaintiff." This is a well settled principle of law, and that case has been often cited since with approval. See Anno. Ed. In such cases an attachment is not necessary to complete the service of summons, but at option of plaintiff there may be an attachment "to secure the property so that it may be held to satisfy the judgment when rendered, and also as a basis for the publication of the summons. The wife always has a remedy of garnisheeing *Page 599 
the salary or wages of her husband in such cases, and she is entitled to an attachment of the property for the same reason. Otherwise the defendant, pending litigation, can sell or convey his property, or creditors may attach it for debt or obtain prior liens by judgment." Walton v. Walton,178 N.C. 75.
While the attachment in the divorce proceeding was not necessary to complete the service, it was practically made in this case, by describing in the complaint the property sought to be subjected to the payment of alimony and the recital in the judgment that property so described was directed to be sold for payment of the judgment.
The defendant, however, relies upon Rev., 449: "The defendant against whom publication was ordered, or who is served under the provisions of the preceding section, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action; and, except in an action for divorce the defendant against whom publication is ordered, or his representatives, may, in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within 5 years after its rendition, on such terms as may be just; and if the defense be successful, and the judgment or any part thereof shall have been collected, or otherwise enforced, such restitution may thereupon be compelled as the Court may direct, but title to property sold under such judgment to a purchaser in good faith shall not be thereby affected."
As to the divorce proceedings and the order made therein allowing alimony, this section does not apply, and the proceedings being in all respects regular as above stated, the judgment therein rendered cannot be set aside. Besides, the title to the land was acquired by the plaintiff as a bona fide purchaser at the sale under execution, and cannot be disturbed. It will be noted, too, that when "good cause is shown" before judgment the defendant must be allowed to defend, but if after judgment, he may (except in divorce actions) be allowed to defend on just terms. The judge in this case imposed no terms.
As to the other action to declare the defendant a trustee of another tract of land because purchased by the defendant with money of the wife, but the husband, without her knowledge and contrary to their agreement, having taken title to the same in his own name, the proceedings were in every respect the same as in the action in regard to divorce and regular alimony. Service by publication was authorized under Rev., 442, subsec. 4, above set out. The proceedings to set the judgment aside were upon the same affidavits and findings as to the other case. As said in Bernhardt v.Brown, 118 N.C. 705, "Publication is authorized in those cases in which the court already has jurisdiction of the res, as to enforce some lien or a partition of property in its control or the *Page 600 
like, and the judgment has no personal force, not even for the costs, being limited to acting upon the property." It is further said, p. 706: "In proceedings under this class — proceedings in rem — it is not necessary, as in proceedings quasi in rem, to acquire jurisdiction by actual seizure or attachment of the property, but `it may be done by the mere bringing of the suit in which the claim is sought to be enforced, which in law (in such cases) is equivalent to a seizure, being the open and public exercise of the dominion over it for the purpose of the suit.'Heidritter v. Oil Co., 112 U.S. 294, and as to this class of cases the statute prescribes publication of the summons whether the defendant is a nonresident or resident, whenever, `after due diligence, he cannot be found in the State.' The Code, sec. 218 (4); Claflin v. Harrison, 108 N.C. 157."
It is only in proceedings of the third class, quasi in rem, set out inBernhardt v. Brown, supra, that an attachment is necessary as a basis of publication. In those cases it is not sought to deal with the property inrem because the Court already has jurisdiction of the res, located here, to enforce some lien or right claimed therein nor to enforce a judgment in divorce, but the court proceeds "to acquire jurisdiction by attaching property of a nonresident or of an absconding creditor, and in similar cases." Bernhardt v. Brown, supra.
The judgment in the second action to declare the defendant a trustee for his wife as to the other tract described in the complaint was regular in all respects. But the motion having been made within 5 years after the judgment rendered, the court below might allow the defendant to defend "upon good cause shown, and upon just terms." The jury in that case found upon the testimony the issues as follows:
"1. Were the lands described in the complaint, and all improvements thereon, paid for by plaintiff with her own money? Answer: `Yes.'
"2. Were the deeds to said lands taken in the name of the defendant without the knowledge or consent of the plaintiff? Answer: `Yes.'"
An examination of the affidavits filed by the defendant shows that he sets out as good cause that he has a "good and meritorious defense." This is merely his opinion, and was not sufficient to justify the finding of the judge. An inspection of the affidavit of the defendant shows that he relies upon the allegations that no attachments were issued, and in the divorce case that the facts were not found in the judgment allowing alimony. These were matters of law which the defendant erred in deeming sufficient to set aside the judgment. The judge added a finding, without any evidence to support it, and contrary to the evidence, that the defendant had no notice of the pendency of the action. The only other allegation set out in the defendant's affidavit as to this case is the following: "This affiant purchased all the real state deeded to him *Page 601 
in Mitchell County, North Carolina, with his own funds, the plaintiff, Mrs. White, never having furnished a dollar of the purchase money." His averment in both cases that his wife was crazy is contradicted by the judgment in the record rendered in a trial which he procured and attended, that she was sane.
In view of the fact that the defendant had notice of the pendency of the action, which he might have defended, and which he did attempt to compromise through his counsel and the verdict of the jury, presumably upon sufficient evidence, at July Term, 1914, upon the issues above set out, and the further fact that this motion to set aside such verdict and judgment was not made till 26 March, 1919, nearly 5 years later during which time, as the defendant's letters show, he knew that the plaintiff was in possession of the property, we do not think that there was sufficient evidence to justify the findings that good cause was shown, after the death of the wife, who was probably the only person who could have shown that, as the jury found, the land was bought with her money, and the title was taken in her husband's name, without her knowledge and consent, and the motion should have been denied.
To sum up:
1. The proceedings in both cases are regular in every respect.
2. No attachment in either case, nor any notice beyond publication, which was made, was necessary, but in fact upon the uncontradicted evidence the defendant did have full knowledge of the pendency of both actions before judgment, and opportunity to defend, and hence he cannot be allowed to defend even under Rev., 449; Turner v. Machine Co., 133 N.C. 385-387.
3. Rev., 449, allowing, on good cause shown, the defendant to defend after judgment does not apply to actions for divorce, and, if it did, it could not require the return of alimony allowed for support of wifependente lite, and collected.
4. Upon the facts in this case, there was "no good cause shown" to set aside the verdict, or the judgment in either case, after the lapse of nearly 5 years, the death of the wife and the loss thus of the evidence on which the judgments were rendered.
We think the present owner of the property, the Protestant Episcopal Church, as devisee of Mrs. White, should have been a party defendant.
In both cases, the order setting aside the judgment is
Reversed.