NANNIE ANDERSON v. T. M. ANDERSON.

(Filed 15 March, 1922.)

**1. Husband and Wife—Domestic Relations—Subsistence of Wife—Statutes—Court's Discretion.**

The amount allowed for the reasonable subsistence, costs, and attorney's fees to the wife in her proceedings against her husband under the provisions of C. S., 1667, is within the sound discretion of the judge hearing the same and having jurisdiction thereof.

**2. Same—Abuse of Court's Discretion.**

The restrictions imposed upon the judge in making an allowance to the wife for alimony in suits for divorce, C. S., 1665, do not apply to the exercise of his sound discretion in proceeding under the provisions of C. S., 1667, by the wife to obtain a reasonable subsistence, costs, and counsel fees from her husband.

**3. Same—Admission—Findings of Fact.**

*Held,* from the admissions of the husband of his acts of adultery, his abandonment of his wife, and from the facts found by the judge in these proceedings of the wife for a reasonable subsistence, costs, and counsel fees, under the provisions of C. S., 1667, the amount allowed by the judge will not be held as unreasonable on appeal, or as exceeding the sound discretion given him by the statute.

**4. Husband and Wife—Domestic Relations—Subsistence of Wife—Orders —Judgments—Modification of Orders—Statutes.**

Where, within the exercise of his sound discretion, the Superior Court judge, having jurisdiction, has allowed the wife a reasonable subsistence, attorney's fees, etc., in her proceedings under the provisions of C. S., 1667, the order of allowance may be thereafter modified or vacated as the statute provides, upon application to the proper jurisdiction for the circumstances to be inquired into and the merits of the case determined.

**5. Husband and Wife—Domestic Relations—Subsistence of Wife—Alimony—Divorce—Statutes.**

While as to technical alimony the ordinary rule is that the title to the property designated, to enforce the order of the court remains in the husband, and it will revert to him upon reconciliation with or the death of the wife, this rule does not apply to an allowance for the reasonable support of the wife,. etc., under the provisions of C. S., 1667; and the words used in the beginning of this section, "alimony without support," will not be construed to give the word "reasonable support" for the wife, the meaning of technical alimony.

**6. Same—Order Securing Alimony.**

Technical alimony is the allowance made to the wife in suits for divorce, and may be secured by a proportionate part of the husband's estate judicially declared; or if he have no estate, it may be "made a personal charge against him," and it materially differs from a reasonable subsistence, etc., allowable in the wife's proceedings under the provisions of C. S., 1667, where a divorce is not contemplated, and where, in accordance with the statute, the order allowing her such subsistence may secure the same out of the husband's estate.

**7. Same—Estate of Husband.**

The husband's "estate," from which the court may secure its order allowing a reasonable subsistence, etc., to the wife in her proceedings under the provisions of C. S., 1667, includes within its meaning income from permanent property, tangible or intangible, or from the husband's earnings.

**8. Marriage—Domestic Relations—Contracts—Debts—Constitutional Law —Exemptions—Debtor and Creditor.**

The marriage relation, spoken of as a civil contract, is more than an ordinary business contract in that the marriage confers certain other privileges and imposes certain other duties upon the parties as between themselves and in ,their relation to society, among them being the husband's duty to protect and provide for his wife; and this is more than a debt, in its ordinary sense, and not merely such an one as exists in the ordinary acceptation of the word, or within the contemplation of our Constitution, Art. X, secs. 1 and 2, allowing to the creditor his homestead or personal property exemptions therefrom.

**9. Same—Trusts.**

*Held*, under the facts and circumstances of these proceedings of the wife, under the provisions of C. S., 1667, for a reasonable support, etc., an order was proper that the husband convey certain of his lands in trust to secure the allowance made to the wife, or in default thereof, the lands should so be held by the trustee designated.

**10. Husband and Wife — Wife's Subsistence— Estates—Contingencies—
Defeasible Fee—Marriage—Domestic Relations.**

Where the judge, in the proceedings of the wife for an allowance of a
reasonable subsistence, has impressed a trust upon the husband's land for
the enforcement of the decree, the fact that in a part of the land he has
only a defeasible fee, cannot prejudice him, and his exception on that
ground cannot be sustained.

APPEAL by defendant from *Allen, J.,* at chambers, 30 November, 1922,
from NASH.

Application by plaintiff for an allowance for subsistence, expenses,
and counsel fees, as provided in C. S., 1667, as amended by ch. 123,
Public Laws 1921.

The plaintiff and the defendant were married on 10 June, 1919, and
lived together until 14 June, 1921, when plaintiff alleged the defendant
abandoned her and withdrew support. His Honor held that in the
absence of issuable facts the only question was the amount of such sub-
sistence, expenses, and fees; and after hearing the evidence made an
allowance to the plaintiff of $100 a month, and $400 for expenses and
counsel fees. The following additional decree is incorporated in the
judgment: "It is further ordered and decreed that this judgment to
the extent of the amount herein decreed as an allowance, and to the
extent of the monthly payments herein decreed during the life of this
decree, shall constitute a lien on all the real and personal property of
the defendant, and the said defendant is hereby ordered and directed
to execute a deed of trust, conveying all his interest in real estate in
Nash and Edgecombe counties to Leon T. Vaughan, trustee for plaintiff,
to secure the performance of this decree, and in default of the execution
of said deed of trust within ten days from this date, 30 November, 1921,
then this decree shall operate as such conveyance to said Leon T.
Vaughan, trustee, with the power of sale in default of any payment or
part thereof, as herein ordered. In addition, in case of ten days default
on any payment, let notice be issued to said defendant to show cause
before the presiding judge of the Second Judicial District why attach-
ment for contempt should not issue to enforce payment of same." The
defendant excepted, and appealed.

*Finch & Vaughan and McLean, Varser, McLean & Stacy for plaintiff.
G. M. T. Fountain & Son and F. S. Spruill for defendant.*

ADAMS, J. The defendant admits, not only his moral default in
abandoning his wife, but as well his legal liability to make suitable
provision for her maintenance; but he insists that the judgment of the

court contravenes established principles of law, and for this reason cannot be enforced. Against the validity of the judgment he interposes four objections:

1. The payments decreed are unwarranted and excessive.

2. Subjecting to a lien the defendant's interest in land is without warrant of law.

3. The judgment violates Art. X, sec. 2, of the Constitution.

4. The defendant has only a defeasible fee in the lands known as the Dickens place.

As to the first objection the defendant admits that ordinarily the amount allowed for subsistence under section 1667 rests in the sound discretion of the court. *Cram v. Cram,* 116 N. C., 288; *Bradford v. Reed,* 125 N. C., 311; *Matthews v. Fry,* 143 N. C., 384. But he argues that in view of the limitation prescribed in section 1665 and of the actual value of the defendant's property the amount of the payments imposed constitutes an abuse of the court's discretion. It should be noted that the limitation to one-third of the net annual income from the estate (section 1665) applies when the court adjudges the husband and the wife divorced from bed and board, but not when the wife institutes the proper proceeding for alimony *pendente lite* under section 1666 or for a reasonable subsistence under section 1667. The Legislature has preserved this distinction through the entire statutory history of the law of divorce and alimony in this State, beginning with the act of 1814, and has evidently intended to empower the courts to make in each case such decree as the peculiar circumstances might demand. His Honor, therefore, was not required in this proceeding to confine the subsistence to one-third part of the defendant's net annual income. Nor can we conclude that in any respect there was abuse of discretion. The plaintiff testified at the hearing; the defendant did not testify, but introduced his father. Besides the desertion of his wife, the defendant admitted his adultery, and in addition, that the only question for his Honor was the subsistence to be allowed. His Honor inquired into the defendant's financial condition and found the facts. Section 1667 provides that the order of allowance may be modified or vacated; but the application must be made in the proper jurisdiction so that the circumstances may be inquired into and the merits of the case determined. The first objection, we conclude, cannot be sustained.

Concerning the second, the defendant contends that the court, while in proper instances it may sequester a part of the husband's property for alimony, has no power to deprive the husband of the title and possession of his real estate. This contention is based on the legal proposition that where alimony is allotted in specific property the title to such

property remains in the husband, and will revert to him upon reconcilia-
tion or the death of the wife; and that the remedy for noncompliance
with the order of the court is attachment for contempt. As to the
suggested remedy, the answer is this: the object of the judgment is sub-
sistence for the wife, not the punishment of the husband. After his
property had been dissipated or placed beyond the reach of the wife, his
imprisonment, to say the least, would be but ill requital for her pecu-
niary loss. And as to the other contention, we must keep in mind the
distinction between alimony and subsistence. It is true that alimony is
broadly defined as an allowance to the wife out of the husband's estate
during the period of their separation, but technically alimony is allowed
during the pendency of an action for divorce, or after the divorce is
adjudged. 1 R. C. L., 865; 19 C. J., 202. It may be a proportion of
the husband's estate which is judicially allowed and allotted to the wife,
or, if he have no estate, it may be a personal charge upon the husband.
*Taylor v. Taylor,* 93 N. C., 420; *Miller v. Miller,* 75 N. C., 71; C. S.,
1665, 1666. But section 1667 applies when divorce may not be in the
contemplation of the wife. The words "alimony without divorce" at the
beginning of the section do not convert the "reasonable subsistence"
therein provided for into technical alimony. *Cram v. Cram,* 116 N. C.,
292. This section provides that the wife may apply to have such sub-
sistence paid or secured, and that the judge may secure so much of the
husband's estate as may be proper for the benefit of the wife. In *Crews
v. Crews,* 175 N. C., 173, cited by the defendant, the definition of the
word "estate" is not restricted to "income," but is enlarged so as to
embrace income whether arising from permanent property or earnings,
for there it is clearly said that alimony could be assigned from both
tangible and intangible property (*Reid v. Neal,* 182 N. C., 199); and in
*White v. White,* 179 N. C., 592, it was held that the court may declare
alimony a lien upon the husband's lands, even in the absence of notice
to him that his wife had instituted a proceeding for that purpose. Con-
forming to these decisions, the judgment does not deprive the defendant
of the title or possession of his property; but in accordance with the
express terms of the statute undertakes to secure for the wife the reason-
able subsistence and expenses to which his Honor finds she is entitled.

The defendant contends that as against the amount allowed for the
plaintiff's subsistence and expenses he is entitled to his homestead or
personal property exemption. Waiving the plaintiff's contention that
the question is not properly presented upon the record, we think that
the defendant's objection is without merit. The defendant's obligation
to support the plaintiff during the existence of the marital relation is
not a "debt" within the meaning of Art. X, secs. 1 and 2, of the Consti-

tution. It is true that marriage is usually regarded as a civil contract; but in every contract of marriage there are elements which do not enter into an ordinary contract. In its binding force marriage is indissoluble, even by consent of the parties, and creates, moreover, a peculiar status, which, attending them through life, both confers privileges and enjoins duties. Among the latter is the husband's duty to protect and to provide for his wife. This duty is not a mere incident of contract, but it arises out of the very nature and purpose of the marriage relation; and this relation civilized mankind regard as the only stable foundation of our social and civil institutions. Hence, both law and society demand that the marriage relation be recognized, respected, and maintained, and that the husband's duty to support his wife and their offspring be awarded higher sanction than the strait contractual obligation to pay value for a yoke of oxen or a piece of land. The defendant, therefore, cannot escape the performance of his duty to support the plaintiff on the ground that he sustains toward her the relation of a mere debtor. Rodgers on Domestic Relations, sec. 2 *et seq.*

We are not able to see how the last objection can benefit the defendant. If his estate should be sold as a determinable fee, how the judgment rendered would cause the defendant to suffer loss by reason of such sale is not easily perceived.

Upon the record we find no error, and his Honor's judgment is therefore affirmed. Let this be certified.

Affirmed.