Application by plaintiff for an allowance for subsistence, expenses, and counsel fees, as provided in C. S. 1667, as amended by ch. 123, Public Laws 1921.
The plaintiff and the defendant were married on 10 June, 1919, and lived together until 14 June, 1921, when plaintiff alleged the defendant abandoned her and withdrew support. His Honor held that in the absence of issuable facts the only question was the amount of such subsistence, expenses, and fees; and after hearing the evidence made an allowance to the plaintiff of $100 a month, and $400 for expenses and *Page 151 
counsel fees. The following additional decree is incorporated in the judgment: "It is further ordered and decreed that this judgment to the extent of the amount herein decreed as an allowance, and to the extent of the monthly payments herein decreed during the life of this decree, shall constitute a lien on all the real and personal property of the defendant, and the said defendant is hereby ordered and directed to execute a deed of trust, conveying all his interest in real estate in Nash and Edgecombe counties to Leon T. Vaughan, trustee for plaintiff, to secure the performance of this decree, and in default of the execution of said deed of trust within ten days from this date, 30 November, 1921, then this decree shall operate as such conveyance to said Leon T. Vaughan, trustee, with the power of sale in default of any payment or part thereof, as herein ordered. In addition, in case of ten days default on any payment, let notice be issued to said defendant to show cause before the presiding judge of the Second Judicial District why attachment for contempt should not issue to enforce payment of same." The defendant excepted, and appealed.
The defendant admits, not only his moral default in abandoning his wife, but as well his legal liability to make suitable provision for her maintenance; but he insists that the judgment of the court contravenes established principles of law, and for this reason cannot be enforced. Against the validity of the judgment he (142) interposes four objections:
1. The payments decreed are unwarranted and excessive.
2. Subjecting to a lien the defendant's interest in land is without warrant of law.
3. The judgment violates Art. X, sec. 2, of the Constitution.
4. The defendant has only a defeasible fee in the lands known as the Dickens place.
As to the first objection the defendant admits that ordinarily the amount allowed for subsistence under section 1667 rests in the sound discretion of the court. Cram v. Cram, 116 N.C. 288; Bradford v. Reed,125 N.C. 311; Matthews v. Fry, 143 N.C. 384. But he argues that in view of the limitation prescribed in section 1665 and of the actual value of the defendant's property the amount of the payments imposed constitutes an abuse of the court's discretion. It should be noted that *Page 152 
the limitation to one-third of the net annual income from the estate (section 1665) applies when the court adjudges the husband and the wife divorced from bed and board, but not when the wife institutes the proper proceeding for alimony pendente lite under section 1666 or for a reasonable subsistence under section 1667. The Legislature has preserved this distinction through the entire statutory history of the law of divorce and alimony in this State, beginning with the act of 1814, and has evidently intended to empower the courts to make in each case such decree as the peculiar circumstances might demand. His Honor, therefore, was not required in this proceeding to confine the subsistence to one-third part of the defendant's net annual income. Nor can we conclude that in any respect there was abuse of discretion. The plaintiff testified at the hearing; the defendant did not testify, but introduced his father. Besides the desertion of his wife, the defendant admitted his adultery, and in addition, that the only question for his Honor was the subsistence to be allowed. His Honor inquired into the defendant's financial condition and found the facts. Section 1667 provides that the order of allowance may be modified or vacated; but the application must be made in the proper jurisdiction so that the circumstances may be inquired into and the merits of the case determined. The first objection, we conclude, cannot be sustained.
Concerning the second, the defendant contends that the court, while in proper instances it may sequester a part of the husband's property for alimony, has no power to deprive the husband of the title and possession of his real estate. This contention is based on the legal proposition that where alimony is allotted in specific property the title to such property remains in the husband, and will revert to him (143) upon reconciliation or the death of the wife; and that the remedy for noncompliance with the order of the court is attachment for contempt. As to the suggested remedy, the answer is this: the object of the judgment is subsistence for the wife, not the punishment of the husband. After his property had been dissipated or placed beyond the reach of the wife, his imprisonment, to say the least, would be but ill requital for her pecuniary loss. And as to the other contention, we must keep in mind the distinction between alimony and subsistence. It is true that alimony is broadly defined as an allowance to the wife out of the husband's estate during the period of their separation, but technically alimony is allowed during the pendency of an action for divorce, or after the divorce is adjudged. 1 R.C.L. 865; 19 C. J. 202. It may be a proportion of the husband's estate which is judicially allowed and allotted to the wife, or, if he have no estate, it may be a personal charge upon the husband. Taylor v. Taylor, 93 N.C. 420; Miller *Page 153 v. Miller, 75 N.C. 71; C. S. 1665, 1666. But section 1667 applies when divorce may not be in the contemplation of the wife. The words "alimony without divorce" at the beginning of the section do not convert the "reasonable subsistence" therein provided for into technical alimony. Cramv. Cram, 116 N.C. 292. This section provides that the wife may apply to have such subsistence paid or secured, and that the judge may secure so much of the husband's estate as may be proper for the benefit of the wife. In Crews v. Crews, 175 N.C. 173, cited by the defendant, the definition of the word "estate" is not restricted to "income," but is enlarged so as to embrace income whether arising from permanent property or earnings, for there it is clearly said that alimony could be assigned from both tangible and intangible property (Reid v. Neal, 182 N.C. 199); and in White v.White, 179 N.C. 592, it was held that the court may declare alimony a lien upon the husband's lands, even in the absence of notice to him that his wife had instituted a proceeding for that purpose. Conforming to these decisions, the judgment does not deprive the defendant of the title or possession of his property; but in accordance with the express terms of the statute undertakes to secure for the wife the reasonable subsistence and expenses to which his Honor finds she is entitled.
The defendant contends that as against the amount allowed for the plaintiff's subsistence and expenses he is entitled to his homestead or personal property exemption. Waiving the plaintiff's contention that the question is not properly presented upon the record, we think that the defendant's objection is without merit. The defendant's obligation to support the plaintiff during the existence of the marital relation is not a "debt" within the meaning of Art. X, secs. 1 and 2, of the Constitution. It is true that marriage is usually regarded as a civil contract; but in every contract of marriage there are elements (144) which do not enter into an ordinary contract. In its binding force marriage is indissoluble, even by consent of the parties, and creates, moreover, a peculiar status, which, attending them through life, both confers privileges and enjoins duties. Among the latter is the husband's duty to protect and to provide for his wife. This duty is not a mere incident of contract, but it arises out of the very nature and purpose of the marriage relation; and this relation civilized mankind regard as the only stable foundation of our social and civil institutions. Hence, both law and society demand that the marriage relation be recognized, respected, and maintained, and that the husband's duty to support his wife and their offspring be awarded higher sanction than the strait contractual obligation to pay value for a yoke of oxen or a piece of land. The defendant, therefore, cannot escape the performance *Page 154 
of his duty to support the plaintiff on the ground that he sustains toward her the relation of a mere debtor. Rodgers on Domestic Relations, sec. 2 etseq.
We are not able to see how the last objection can benefit the defendant. If his estate should be sold as a determinable fee, how the judgment rendered would cause the defendant to suffer loss by reason of such sale is not easily perceived.
Upon the record we find no error, and his Honor's judgment is therefore affirmed. Let this be certified.
Affirmed.
Cited: Moore v. Moore, 185 N.C. 335; Holton v. Holton, 185 N.C. 360;Davis v. Bass, 188 N.C. 208; Simmons v. Simmons, 192 N.C. 825; Kiser v.Kiser, 203 N.C. 430; Walker v. Walker, 204 N.C. 212; Tiedemann v.Tiedemann, 204 N.C. 683; Reynolds v. Reynolds, 208 N.C. 265; Dyer v. Dyer,212 N.C. 624; Barber v. Barber, 217 N.C. 426; Best v. Best, 228 N.C. 14;Hester v. Hester, 239 N.C. 100; Porter v. Bank, 251 N.C. 579; Harris v.Harris, 258 N.C. 126.