NAOMI HURDLE WRIGHT v. FLEETWOOD GUY WRIGHT.

(Filed 3 January, 1940.)

**1. Divorce § 15—Court may reopen and amend prior orders awarding subsistence to wife and children.**

This action was instituted for alimony without divorce and for reasonable subsistence for the children of the marriage and counsel fees. An order was entered by consent requiring defendant to maintain the home occupied by plaintiff, defendant and the children and to make available to her a grocery account in a specified sum. Thereafter, on motion, the custody of the children was awarded plaintiff by an order stipulating that the prior order relating to subsistence be continued in effect until further hearings, which might be had on motion of either party. *Held:* Objection to a third order entered in the cause amending and changing the award of subsistence on the ground that the court was without authority to reopen, review and overrule the prior orders, is untenable, the prior orders being interlocutory and *pendente lite*, and authority for modification being provided both by the orders themselves and by statutory provision, C. S., 1667.

**2. Divorce § 13—**

In the wife's action for alimony without divorce, the amount to be allowed her as alimony and for the support of the children of the marriage is within the sound discretion of the trial court, and its order will not be disturbed except where such discretion has been grossly abused.

**3. Same—**

An allowance to the plaintiff of $40.00 per month, out of her husband's earnings of $20.00 per week, for support of the two minor children of the marriage of school age, and the allotment to her of the use of the home place owned by them by the entirety, with further provision that the wife should pay the monthly mortgage installments of $17.45 on the house, *is held* reasonable, and negatives any abuse of discretion.

**4. Husband and Wife § 12—**

The husband is entitled to possession during his lifetime of property held by entireties and such property constitutes a part of the *corpus* of his estate.

**5. Divorce § 11—**

The court is authorized to make an allowance of alimony *pendente lite* in actions for divorce either *a mensa et thoro* or *a vincula*, C. S., 1666, and the amount to be allowed under this section is that which appears to the court just and proper, having regard to the circumstance and the parties.

**6. Divorce § 13—**

In making an allowance either for alimony without divorce or for alimony *pendente lite* the court is not limited to one-third of the net annual income of the husband's estate, C. S., 1666, 1667, it being only in the allowance of alimony following a decree of divorce *a mensa et thoro* that such limitation is provided by statute, C. S., 1665.

**7. Same—Provision that wife and children should occupy home place owned by husband and wife by entireties held not prejudicial to husband.**

In this action for alimony without divorce, the custody of two minor children was awarded the wife and defendant was ordered to furnish for the exclusive use of herself and her children the home place owned by them by the entireties and she was awarded $40.00 per month for the support of the children, out of which sum she was ordered to pay the monthly mortgage installments on the home place. Defendant objected to the order on the ground that the award of the home place amounted to an allotment of the *corpus* of his estate and that the allowance of alimony should be confined to a percentage of the husband's income. *Held:* Under provision of C. S., 1667, the court is authorized to assign the *corpus* of the husband's property to secure the allowance, and therefore it is immaterial to defendant whether the home place is taken and rents and profits therefrom used to provide a suitable residence for the wife and children or whether they are granted the right of occupancy of the home place, and it being found that such arrangement is most feasible and appropriate, the order will not be disturbed.

APPEAL by defendant from *Thompson, J.,* at Chambers, 11 November, 1939. From PASQUOTANK. Affirmed.

This is a civil action instituted by the plaintiff for subsistence for herself and children without divorce, heard on motion in the cause.

The complaint alleges a cause of action for divorce *a mensa et thoro* and she prays the custody of the children; alimony without divorce; a reasonable subsistence for the children; and counsel fees. In his answer the defendant admits that he has accused the plaintiff of infidelity and has spoken to her on many occasions regarding the same, and he further asserts that she is guilty of improper relations and associations with another man, although he does not plead the same in bar.

The cause came on for hearing on motion after notice before Thompson, J., in Chambers, 26 August, 1939, at which time an order was entered by consent and without prejudice to the rights of either party, requiring the defendant to maintain the home occupied by plaintiff and her children and to make available to her a grocery account not to exceed $10.00 per week. Certain attorney fees were also allowed.

The cause again came on to be heard on motion, before Pless, J., at the October Term, 1939, at which time it was found as a fact that the plaintiff is a fit and suitable person to have the custody of the children and an order was entered awarding their custody to the plaintiff with certain stipulation in respect to the rights of the defendant to visit and associate with them. It was further stipulated therein "that the orders of his Honor, C. E. Thompson, resident judge of the First Judicial District, be, and the same are hereby, continued in force and effect as to the amount of support for the said children until further hearings as to that aspect of the matter, said hearings to be heard upon motion of either

the plaintiff or the defendant; this part of the decree being without prejudice to the right of either party to seek a revision of the amount awarded under the order of Judge Thompson, without regard to the changed financial condition of either party."

The cause again came on to be heard on motion, before Thompson, J., at Chambers, 11 November, 1939, both parties being present and represented by counsel. At this hearing the plaintiff waived any right to alimony for herself and requested the court to fix the amount which the defendant should be required to pay the plaintiff for the support of their said children. After hearing the evidence the court made a full finding of the facts from which it appears that the plaintiff is without property except that she and the defendant own a home place, subject to a mortgage, as tenants by the entirety; that the defendant is an able-bodied man in good health and earns $20.00 per week; that it will reasonably require the sum of $40.00 per month for the support of the two children; that it is necessary for the plaintiff and her children to have a place with furnishings reasonably needful in which the plaintiff may keep and provide them with the ordinary comforts to which their station in life entitles them; that the home place owned by the plaintiff and defendant as tenants by the entirety is suitable for that purpose; and that "it will be more convenient for the children to remain where they are now living . . . and less troublesome for the defendant to procure for himself other living quarters than for the plaintiff to be obligated so to do in behalf of the children, and that in the state of affairs now existing between the plaintiff and the defendant it would not be conducive to the proper home life of the children nor to their best interest for the parties hereto to continue to live in the same house as they have been (doing) in the past."

The judge thereon entered an order requiring the defendant to pay the plaintiff $40.00 per month for the support, maintenance and care of his children; that the defendant supply the entire premises—the home place—to them with the furniture and fixtures therein as a dwelling place for said two children; that the defendant immediately vacate said premises and that until a further order of the court the plaintiff pay on the F. H. A. loan the monthly installments of $17.45 out of the $40.00 per month allowed her for the support of the children.

The defendant having admitted that the evidence offered was sufficient to support the findings of fact made by the judge, excepted to the judgment entered and appealed.

*R. Clarence Dozier for plaintiff, appellee.*
*J. Henry LeRoy for defendant, appellant.*

Barnhill, J. The defendant assails the order entered by Thompson,. J., for that it reopens, reviews and overrules the prior orders entered therein. This position cannot be sustained. In each of the former orders it is expressly stipulated that it is entered without prejudice.. Furthermore, the former orders were interlocutory and *pendente lite* and the statute, C. S., 1667, under which the action was instituted, expressly provides: "The order of alimony herein provided for may be modified or vacated at any time on the application of either party or of anyone interested."

The defendant further contends that the allowance made is not a "reasonable subsistence" but is altogether disappropriate to the husband's. earnings or income and is unreasonable. In proceedings of this nature the amount to be allowed the plaintiff as alimony and for the support of the children of the marriage is within the sound discretion of the trial judge and will not be disturbed except where such discretion has been. grossly abused. *Davidson v. Davidson,* 189 N. C., 625, 127 S. E., 682; *Schonwald v. Schonwald,* 62 N. C., 215; *Barker v. Barker,* 136 N. C., 316, 48 S. E., 733; *Anderson v. Anderson,* 183 N. C., 139, 110 S. E., 863..

The children of the marriage are 12 years of age and 9 years of age,. respectively. They must be clothed, fed and provided with the necessary books and supplies incident to attending school. After the plaintiff has made the installment payments on the mortgage on the home place she has remaining out of the allotment in cash made to her only $22.50 per month with which to provide these essentials. In addition, she is, under the order, furnished a home in which to live. It has been found by the court, upon sufficient evidence, that this allowance is reasonably required and is necessary to provide the children with the ordinary comforts to which their station in life entitles them. Nothing appears upon the record which would justify the conclusion that in fixing the amount to be paid there was any abuse of discretion by the court below.

But the exception the defendant most earnestly stresses in his brief and on argument here is based on the contention that the court below was without power to award to the plaintiff any part of the *corpus* of the defendant's estate. He contends that alimony and subsistence can be awarded only out of income and that there is no authority under our statute for the allotment of any part of the *corpus* of the estate to the plaintiff. In respect to this exception the defendant correctly asserts that the possession of the estate by entirety vests in the husband during his lifetime and that the home place constitutes a part of the *corpus* of his estate. *Holton v. Holton,* 186 N. C., 355, 119 S. E., 751; *Dorsey v. Kirkland,* 177 N. C., 520, 99 S. E., 407.

C. S., 1665, provides for the allowance of alimony following a decree of divorce *a mensa et thoro,* which allowance "shall not in any case

exceed the one-third part of the net annual income from the estate, occupation or labor of the party against whom the judgment shall be rendered." C. S., 1666, provides for the allowance of alimony *pendente lite* in actions for divorce either *a mensa et thoro* or *a vinculo*. Under this section "the judge may order the husband to pay her (wife) such alimony during the pendency of the suit as appears to him just and proper, having regard to the circumstances of the parties."

The limitation of the allowance to one-third of the net annual income from the estate as contained in C. S., 1665, is omitted from C. S., 1666, and C. S., 1667. Except when the allowance is made following a decree of divorce *a mensa et thoro* the court, in making the allowance, is not confined to a one-third part of the defendant's net annual income. *Anderson v. Anderson*, 183 N. C., 139, 110 S. E., 863. It has been held that the payments required for the support of the wife may be made a charge upon the land of the husband. *Bailey v. Bailey*, 127 N. C., 474; *Sanders v. Sanders*, 167 N. C., 317, 83 S. E., 489; *Green v. Green*, 143 N. C., 506; *Anderson v. Anderson, supra; White v. White*, 179 N. C., 592, 103 S. E., 216; or a specific charge upon his homestead and personal property exemptions; *Walker v. Walker*, 204 N. C., 210, 167 S. E., 818; or he may be required to execute a deed of trust conveying real property to a trustee to secure the performance of the decree; *Anderson v. Anderson, supra; Green v. Green, supra*.

The provisions as to the allowance of subsistence contained in C. S., 1667, are more liberal even than the provisions of 1666 and the trial judge is vested with broader powers in decreeing the subsistence to be awarded. It is expressly provided in this statute that it shall be lawful for such judge "to cause a husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper according to his condition and circumstances for the benefit of his said wife and the children of the marriage." "Estate," as used in this section, means the aggregate of property of all kinds which a person possesses. Webster's New International Dict.; *Anderson v. Anderson, supra*. The allowance may be a proportion of the husband's estate which is judicially allowed and allotted to the wife. *Anderson v. Anderson, supra*. When the decree requires the assignment of real estate as a part of the subsistence award "the court has power to issue a writ of possession when necessary in the judgment of the court to do so." C. S., 1668.

The court was authorized to sequester the home place and to require the application of the rents and profits therefrom to the procurement of a residence for the children as a necessary part of the subsistence allowed. The defendant is not prejudiced by the order granting the right of occupancy of the home place in lieu thereof. As to him, in

either event, the result would be the same. As to the wife and children, the arrangement is much more feasible and appropriate.

The judgment below is

Affirmed.