VIRGINIA McCURDY HARRIS v. RICHARD FOSTER HARRIS, JR. :

(Filed 21 November 1962.)

**1. Divorce and Alimony § 16—**

A final order for alimony without divorce ordinarily terminates an order for subsistence *pendente lite* and renders the findings supporting the temporary order inapposite, nevertheless, the court may order that the payments previously allowed as subsistence *pendente lite* should be continued as permanent alimony when the final order is based on independent findings supported by evidence at the final hearing.

**2. Same—**

In determining the amount of permanent alimony, the court properly disregards the fact that the husband is financially irresponsible and had spent money in excess of his earnings for a number of years, and properly bases his order upon the husband's actual earnings or earning capacity, and the needs of the wife and children of the marriage.

**3. Same—**

In awarding alimony without divorce under G.S. 50-16 the court is not limited to a one-third part of the husband's net annual income, and the amount allowed by the trial court will not be disturbed in the absence of error of law or abuse of discretion.

APPEAL by defendant from *Walker, Special Judge,* 5 March Special "B" Term 1962 of MECKLENBURG.

This is a civil action for alimony without divorce on the ground of abandonment and failure to provide adequate support for the plaintiff and the children born of the marriage between the plaintiff and the defendant under the provisions of G.S. 50-16.

The defendant is an insurance salesman with Pilot Life Insurance Company. He is also a broker for other insurance companies.

Plaintiff alleges that she and the defendant were secretly married in South Carolina on 29 June 1936 and thereafter they had a church wedding in Atlanta, Georgia, on 21 August 1937; that they lived together as man and wife until 17 November 1960 at which time the defendant unlawfully abandoned the plaintiff; that since that time they have lived separate and apart and have not resumed the marital relationship.

The defendant has lived in Houston, Texas, for a little over a year. Prior to moving to Texas he lived in Charlotte, North Carolina.

The plaintiff has earned approximately $5,000 from selling real estate since May 1961.

The plaintiff's motion for alimony *pendente lite* was heard before his Honor, Francis O. Clarkson, on 3 January 1961. Judge Clarkson awarded the plaintiff possession of the home in Charlotte, owned by the

plaintiff and the defendant as tenants by the entirety, and ordered the defendant to pay to and in behalf of the plaintiff the following: Direct to the plaintiff the sum of $700.00 per month; the regular monthly mortgage payment of $126.53 on the home; city and county taxes on said residence; and premiums on insurance for fire and extended coverage on the residence and its contents.

Subsequently, the defendant was cited by plaintiff to show cause why he should not be held in contempt for the violation of Judge Clarkson's order. Defendant filed a motion to discontinue or reduce the payments under Judge Clarkson's order. Both motions were heard before his Honor, J. B. Craven, Jr., on 4 April 1961. The plaintiff's motion that the defendant be held in contempt was overruled and the previous order of Judge Clarkson was modified and an order entered requiring the defendant to pay direct to the plaintiff the sum of $400.00 per month; the first mortgage payment of $126.53 per month and the second mortgage payment of $156.00 per month; city and county taxes and the insurance premiums for fire and extended coverage on said residence. Judge Craven's order also secured to the plaintiff the residence owned jointly by the parties for the use and occupancy of the plaintiff and her minor children.

The defendant was later cited for contempt on 25 September 1961 and was adjudged by his Honor, George B. Patton, to be in contempt, and was committed. The defendant borrowed funds from his father to purge himself of contempt.

This cause came on for hearing on its merits at the above term of court and the parties waived trial by jury and the defendant agreed that the issues be answered against him, establishing the fact that the plaintiff and defendant were married as alleged in the complaint and that the defendant wilfully abandoned the plaintiff and failed to provide the plaintiff and the children born of the marriage with the necessary subsistence according to the defendant's means and condition in life.

Following the answering of the issues, the plaintiff through her attorney moved that the order theretofore entered by Judge Craven on 4 April 1961, be continued in full force and effect. The defendant without filing any petition or motion, made an oral request that the payments required by said order be reduced. The defendant was then allowed to testify in his own behalf and to call the plaintiff to be examined as an adverse party.

After hearing the evidence, the court made the following findings of fact:

"That the defendant is an able-bodied man who voluntarily left the jurisdiction of the State of North Carolina;

"That his gross income as reported by him the last year of his stay in North Carolina was in excess of $26,000;

"That the records disclose that he has a wife and two minor children, one now a sophomore at Duke University and the other a senior in high school in Charlotte, who anticipates going to some college next year;

"The court finds that the defendant is a man who, by his own admission, is a spendthrift and whose expenditures have exceeded his income every year for a number of years;

"The court further finds as a fact that the defendant is an excellent salesman, that he is a member of the Million Dollar Roundtable Club, an exclusive insurance organization, indicating his excellence as a salesman;

"The court further finds as a fact that the defendant has made a yearly gross income in excess of $21,000 while residing in the State of Texas, and that the defendant * * * stated in open court * * * that he anticipates or hopes to exceed his 1960 income this year or next year in Texas.

"The court further finds as a fact that by the testimony of the defendant, the reasonable costs of operating the household of the plaintiff and the two minor children is in the sum of at least $10,000 a year;

"The court finds that to reduce the amount of payments heretofore ordered by the Honorable J. B. Craven, Jr., would severely penalize the wife and minor children born of the plaintiff and defendant;

"The court further finds that the defendant voluntarily left the jurisdiction of this State; that he has been found in willful contempt of the courts in North Carolina for failing to comply with previous orders issued in these proceedings; that in order to purge himself of contempt he had to borow money from his father;

"The court further finds as a fact that the defendant has dissipated the life savings of his father.

"Based upon the foregoing findings of fact, the court concludes as a matter of law that the order of April 4, 1961, heretofore entered by Honorable J. B. Craven, Jr. shall be continued in full force and effect.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED in the sole discretion of the undersigned judge that the order heretofore entered on the 4th day of April, 1961, in this action by the Honorable J. B. Craven, Jr. be, and the same is hereby continued in full force and effect, pending further orders of the court."

The defendant appeals from the foregoing order, assigning error.

*Warren C. Stack, James L. Cole* for appellee.
*W. Faison Barnes* for appellant.

DENNY, C.J.   Ordinarily, a final order for alimony without divorce terminates an order for subsistence *pendente lite*. *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867. Likewise, when the facts are investigated and findings made as a guide to the court in making temporary allowances, they do not affect the ultimate rights of the parties at the final hearing. *Peele v. Peele*, 216 N.C. 298, 4 S.E. 2d 616.

On the other hand, when the court on the final hearing finds facts based on the defendant's admissions and his testimony given at the hearing, the court may determine that the relief sought by plaintiff and ordered at a previous hearing should be continued as permanent alimony, subject to the further orders of the court. We think from the facts found, which are supported by the evidence, that is what was done in the court below.

The defendant contends that the amounts which the order requires him to pay are excessive. However, he testified in the hearing below, "I do have an idea how much it costs to operate and run the house occupied by my wife and children per month. About $10,000 a year is what they have been living on. * * * (T)hat is a fair and reasonable amount."

The order of Craven, J., which the court below continued in effect, in our opinion, was tantamount to an order for permanent alimony in the amount set out therein, subject to the further orders of the court. This order requires payment by the defendant of $4,800.00 per year for the support of the plaintiff and the two minor children born of the marriage between the parties, both of whom are presumably in college; $126.53 per month principal and interest on the first mortgage on the home; $156.00 per month on a second mortgage on the home; plus taxes in the approximate sum of $500.00 a year; and premiums on fire and extended coverage insurance on the home, the amount of which is not given or estimated in the record. These amounts total less than $9,000.00, which is more than one thousand dollars less than the defendant testified was a fair and reasonable amount for the maintenance of the home and the support of his wife and children. Moreover, the defendant would not be relieved of the payment of the installments on the mortgages referred to herein or the taxes on the property if no order for alimony had been entered.

The case of *Sguros v. Sguros*, 252 N.C. 408, 114 S.E. 79, was an action instituted for alimony without divorce pursuant to the provisions of G.S. 50-16. This Court, speaking through *Higgins, J.*, said: "After the trial judge has determined an allowance is justified, the amount is left to his sound judicial discretion, not subject to review except for abuse or error of law. We hold it was proper in this case to award exclusive possession of the home, the furnishings, and the

family automobile to the wife, and to require the defendant to make payments on the mortgage in order that the plaintiff and the children may have a place to live. *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555 "

The defendant contends and insists that the court below committed error in not ascertaining the net current income of defendant and limiting any award to one-third thereof, citing G.S. 50-14. The defendant's evidence tends to show that for many years he has been one of the top salesmen for the Pilot Life Insurance Company, earning anywhere from $21,000.00 to $28,000.00 annually. But it also tends to show that he has never lived within his income in recent years. He testified that on 31 December 1961 his assets were $77,007.13 and his liabilities were $96,686.81. He further testified that his earnings in 1960 were $28,000.00 and in 1961 $21,230.78, and that in his operations in Texas he expects to reach his 1960 earnings "either this year or next." While the defendant testified that he earned $21,230.78 in 1961, he also testified that he spent $44,612.44 in that year. Therefore, if we accept his theory of the law, all that is required of him is to be financially irresponsible and to spend more than he makes and as a result thereof he should be relieved of the support and maintenance of his wife and children. Fortunately, the law does not so reward such moral and financial irresponsibility.

It seems clear that while this defendant has the ability and capacity to earn a large income, he has not shown any capacity or disposition to handle his earnings wisely.

It was said in *Conrad v. Conrad,* 252 N.C. 412, 113 S.E. 2d 912, "To base an award on capacity to earn rather than actual earnings there should be a finding based on evidence that the husband was failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife," citing *Davidson v. Davidson,* 189 N.C. 625, 127 S.E. 682. In the instant case, there is a finding both as to the capacity of the defendant to earn as well as to his actual earnings. Likewise, there is a finding "that the defendant is a man who, by his own admission, is a spendthrift and whose expenditures have exceeded his income every year for a number of years."

The amount of alimony to be allowed pursuant to the provisions of G.S. 50-16 is within the sound discretion of the trial court and its order will not be disturbed unless there has been an abuse of discretion. *Hall v. Hall,* 250 N.C. 275, 108 S.E. 2d 487; *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555.

In the last cited case it is said: "Except when the allowance is made following a decree of divorce *a mensa et thoro* the court, in making the

allowance, is not confined to a one-third part of the defendant's net annual income. *Anderson v. Anderson,* 183 N.C. 139, 110 S.E. 863."

On the record before us, in our opinion the order entered below should be upheld, and it is so ordered.

Affirmed.