**Bluford D. GREEN, Appellant,**

v.

**Bessie D. GREEN, Appellee.**

**No. 3825.**

District of Columbia Court of Appeals.

Argued Feb. 1, 1966.

Decided March 14, 1966.

Barney J. Keren, Washington, D. C., for appellant.

Paul J. McGarvey, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

The husband appeals from a judgment awarding his wife separate maintenance in the amount of ten dollars per week. Code 1961, § 16–415 (as amended Supp. V, 1966, § 16–916). He contends that the trial court abused its discretion in granting any maintenance to the wife. Primarily, he claims that there was an inadequate showing that she is in need of support or that he is financially able to pay it.

As we have so often stated, the award of separate maintenance to a wife is a matter within the broad discretion of the trial court and will not be disturbed except upon a clear showing of abuse. DeWitt v. DeWitt, D.C.App., 201 A.2d 527 (1964). "If the trial court finds that a wife has need of contribution by her husband toward her support in addition to her own earnings and that the husband has refused or failed to provide this support within his financial ability, and if there is competent evidence to support these findings, we lack the power to set aside the award." Rutherford v. Rutherford, D.C.App., 189 A.2d 124, 125 (1963).

Little consistency can be found among the estimates of income and expense which the parties submitted in their financial statements, testimony at trial and

briefs on appeal. Regretfully, counsel for both sides failed to clarify these matters. Nevertheless, the record reveals that appellee wife is employed as a domestic and nets somewhere between $140 (her estimate) and $200 (appellant's estimate) a month. Her expenses, exclusive of clothing, incidentals and recreation, approximate $165 a month according to her testimony at trial. In light of these figures and the items which she did not include in her estimate of expenses, we cannot hold that the trial judge's finding of appellee's need was unsupported by the evidence. Nor do we agree with appellant that appellee's claim of eight to ten dollars a week for medical and dental expenses should have been considered excessive. Appellee testified that she was seeing a doctor about her eyes and that it was necessary for her to have a tonsillectomy.

Turning to the question of appellant's ability to pay, we note that although his income is listed as $218 per month after deductions, he claims monthly expenses totaling over $255. Thus he argues that the trial court's award works an undue hardship on him and is in the nature of a penalty. However, appellant includes in his estimated expenses $40 for recreation, $86.86 for payments on a $3,400 automobile, which he purchased in 1964, and $38.90 for charge account payments. In view of appellant's neglect of the obligations arising out of his marriage, these expenses seem rather excessive and unnecessary. Accordingly, we hold that the trial court did not abuse its discretion in finding that appellant was capable of providing the support needed by his wife and in making the award of separate maintenance to appellee. See Vance v. Vance, D.C.App., 212 A.2d 532 (1965); Johnson v. Johnson, D.C.Mun. App., 163 A.2d 127 (1960). If we decided otherwise we would allow husbands to defeat their marital obligations merely by spending themselves into debt. This the law will not permit. See Harris v. Harris, 258 N.C. 121, 128 S.E.2d 123 (1962).

Affirmed.