JOANNE PIERCE, Plaintiff-Appellee v. JAMES PIERCE, Defendant-Appellant

No. COA07-132

(Filed 5 February 2008)

**Divorce— alimony—modification—substantial change of circumstances**

The trial court did not err by modifying a previous alimony order because: (1) just as the trial court found plaintiff's listed shared family expenses to be excessive, the trial court had the right to determine that plaintiff's listed individual expenses were inadequate; (2) the trial court made numerous findings of fact demonstrating that there had been a substantial change of circumstances since the entry of the previous alimony judgment; (3) while it appeared from the trial court's findings of fact that plaintiff's expenses had decreased since the original alimony judgment, plaintiff still had a considerable shortfall between her income and her expenses; and (4) the trial court found that defendant's financial condition had improved considerably since

the original alimony judgment and that plaintiff was more than able to pay plaintiff's monthly shortfall of $1,660.

Judge TYSON dissenting.

Appeal by Defendant from order entered 27 July 2006 by Judge Jane V. Harper in District Court, Mecklenburg County. Heard in the Court of Appeals 10 October 2007.

*Shapack & Shapack, by Richard B. Johnson, for Defendant-Appellant.*

*No brief filed by Plaintiff-Appellee.*

McGEE, Judge.

Joanne Pierce (Plaintiff) and James Pierce (Defendant) were married on 2 July 1960 and separated on or about 30 September 2002. Plaintiff filed a complaint on 29 January 2004 for postseparation support, alimony, and equitable distribution. Defendant filed an answer and counterclaim for equitable distribution on 4 February 2004. The trial court entered an order for postseparation support on 6 April 2004.

The trial court entered a judgment for alimony and equitable distribution on 18 March 2005. The trial court divided the marital property and ordered Defendant to pay Plaintiff alimony in the amount of $700.00 per month.

Plaintiff filed a motion in the cause for a modification of alimony on 3 April 2006. The trial court entered an order modifying the previous alimony judgment on 27 July 2006. Defendant appeals.

Defendant argues the trial court erred by modifying the previous alimony judgment. N.C. Gen. Stat. § 50-16.9(a) (2007) provides, in pertinent part: "An order of a court of this State for alimony . . . may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." In general, the change of circumstances required for modification of an alimony order "must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982). The same factors used in making the initial alimony award should be used by the trial court when hearing a motion for modification. *Id.* "[T]he 'over-riding principle' in cases determining the correctness of alimony is

'fairness to all parties.' " *Marks v. Marks*, 316 N.C. 447, 460, 342 S.E.2d 859, 867 (1986) (quoting *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E.2d 407, 413 (1976)).

In alimony cases where a trial court sits without a jury, the trial court must "find the facts specially and state separately its conclusions of law thereon[.]" N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2007). The trial court must find "specific ultimate facts . . . sufficient for [an] appellate court to determine that the judgment is adequately supported by competent evidence." *Montgomery v. Montgomery*, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977).

Defendant argues the following findings of fact were unsupported by the evidence:

24. That . . . Plaintiff's reasonable monthly "shared" expenses are found to be $1,200[.00] for housing and utilities based on the left side of Part B(1) of the Affidavit of Financial Standing. This amount is, of course, speculative, but by comparison with Defendant's expenses on that side, $999[.00], and shared with Dee Kennemore, it seems reasonable. Plaintiff has $860[.00] expenses for items on the right side of the same page (home, food, and supplies, found to be $350[.00] in 2004, are found the same now; gas, found to be $50[.00] in 2004, is found to be $75[.00], given [Plaintiff's] unemployment.) These monthly shared expenses total $2,060.00 while in 2004 these monthly shared expenses totaled $2,680.00[.]

25. That . . . Plaintiff's monthly reasonable expenses [are found] to be $300[.00], even though she listed $45[.00] on her Affidavit of Financial Standing. These same expenses were found to be $600[.00] per month in 2004.

However, these findings were supported by evidence presented to the trial court. Plaintiff listed the following expenses on her 3 April 2006 financial affidavit in the left column under shared family expense: $1,545.23 for house payment/rent; $157.00 for electricity; $118.00 for heat; $48.00 for water; and $50.00 for cable television. These expenses totaled $1,918.23. However, as demonstrated by another finding not challenged by Defendant, the trial court deemed those expenses excessive: "[T]he Court anticipates . . . Plaintiff's new mortgage expense will be substantially less than [the] $1545[.00] a month listed on her April 2006 Affidavit of Financial Standing. If that

PIERCE v. PIERCE

[188 N.C. App. 488 (2008)]

is not the case, the Court finds there was no point in selling her house." Because the trial court deemed the listed expenses excessive, the trial court reduced the expenses to $1,200.00. The trial court recognized that $1,200.00 was speculative because Plaintiff had not yet purchased a new home and did not know what her new mortgage payment would be. However, the trial court found the amount reasonable when compared with Defendant's shared expenses.

In finding twenty-four, the trial court also found that Plaintiff had $860.00 in expenses on her financial affidavit for items in the right column under shared family expense. Plaintiff listed the following expenses in that column: $45.00 for telephone(s)/pager; $500.00 for home food and supplies; $390.00 for car payment; and $150.00 for gasoline. These expenses totaled $1,085.00. However, the trial court again determined that Plaintiff's listed expenses were excessive. The trial court found Plaintiff's expenses for home food and supplies to be only $350.00 and found Plaintiff's expense for gasoline to be only $75.00. When those amounts are substituted for Plaintiff's amounts in the right column, the total is $860.00, as found by the trial court. Also, when the amounts found by the trial court from the left column are added to the amounts from the right column, the total is $2,060.00, as found by the trial court. This amount is less than Plaintiff's expenses in 2004, which totaled $2,680.00. Accordingly, finding of fact twenty-four was supported by the evidence.

Defendant also challenges finding of fact twenty-five. However, this finding was also supported. In Plaintiff's financial affidavit filed 20 October 2004, Plaintiff listed $993.00 in individual expenses, but in the trial court's 18 March 2005 judgment for alimony and equitable distribution, the trial court found that Plaintiff's "individual expenses [were] reduced to $600.00." Therefore, the trial court's finding that "[t]hese same expenses were found to be $600[.00] per month in 2004[]" was supported. In finding of fact twenty-five, the trial court also increased Plaintiff's individual expenses to $300.00 even though Plaintiff had only listed $44.75 on her 3 April 2006 financial affidavit. Given that these same expenses were found to be $600.00 in 2004, it is reasonable that the trial court increased the expenses from $44.75 to $300.00. Just as the trial court found Plaintiff's listed shared family expenses to be excessive, the trial court had the right to determine that Plaintiff's listed individual expenses were inadequate. Even with the trial court's adjustment, Plaintiff's individual expenses were half of what they were in 2004. Accordingly, this finding of fact was supported.

Defendant also challenges finding of fact three: "3. That . . . Plaintiff's reasonable needs and expenses have changed since the entry of the Order of Alimony and Plaintiff's resources are still not adequate to meet these needs and expenses." Defendant cites finding of fact twenty-six, in which the trial court found that "[Plaintiff's] total expenses are $2,663[.00] per month, leaving a shortfall of $1,660[.00] per month without Alimony. In 2004 her total monthly expenses equaled $3,460.00, including debt service, leaving a shortfall of $2,449.00 per month without alimony." Defendant argues that Plaintiff's reasonable needs and expenses actually decreased and, therefore, finding three was not supported. In related arguments, Defendant contends the trial court erred by finding changed circumstances warranting a modification of the previous alimony judgment, and further argues that the trial court's findings of fact do not support the trial court's conclusion that Plaintiff was entitled to a modification of the previous alimony judgment.

In the present case, despite Defendant's contentions, the trial court made numerous findings of fact demonstrating that there had been a substantial change of circumstances since the entry of the previous alimony judgment. The trial court made the following unchallenged findings of fact related to Plaintiff's financial situation:

9. That the court encouraged . . . Plaintiff to invest her Equitable Distribution funds of about $36,000[.00], but noted then and again now that interest income from those funds would not have generated much income. . . . Plaintiff was in no position to risk those funds in an investment which might (or might not) have generated growth, so—as predicted—. . . Plaintiff used those funds to pay bills. With . . . Plaintiff's monthly shortfall of $2.268[.00], plus debt service of $180[.00], the funds would have been exhausted in 15 months, or the end of January, 2006.

10. That . . . Plaintiff now has credit card debt of over $9,000[.00]; in 2004 her credit card debt was about $6,000[.00].

11. That the Court agrees that spending of . . . Plaintiff's funds was expected, but they are now gone, which is a change from 2004.

12. That the increase in . . . Plaintiff's credit card debt is a change from 2004.

. . .

15. That the Court finds . . . Plaintiff's situation has worsened.

The trial court also found that since the filing of the original alimony judgment, Defendant's situation had improved and Defendant was now able to pay Plaintiff's entire monthly shortfall:

16. That the Court finds that . . . Defendant's situation has improved.

17. That in October 2004, . . . Defendant was living alone and he now lives with Dee Kennemore. . . . Defendant lives in Dee Kennemore's home and pays some of the household expenses.

18. That in October 2004, . . . Defendant's reasonable expenses were found to be $2,615[.00] a month. . . . Defendant's current claimed expenses total $3,516[.00], plus $500[.00] debt service (debt balance of $2,400[.00]).

19. That in October 2004, . . . Defendant was responsible for . . . Plaintiff's Visa Bill of $10,546[.00], which he has reduced to $1,000[.00].

20. That . . . Defendant's monthly expenses he claims have increased are mostly discretionary: entertainment, up from $50[.00] to $250[.00]; meals out including lunch, up from $300[.00] to $400[.00]; car payment up $40[.00], and home food up $50[.00]. Gas has increased $175[.00].

21. That while . . . Defendant's claimed expenses have increased about 34%, his net income has increased by 77%. In October 2004, . . . Defendant had $845[.00] a month available for Alimony without consideration of debt service. Now he has at least $2,118[.00], with no reduction for any of his claimed expenses. Understanding that his increased income cannot be the sole basis for increasing alimony, still, it is considered along with the other Findings of Fact.

22. That the Court finds it noteworthy that Defendant earned well over $100,000[.00] in 2003, his last year with Pitney Bowes. His 2004 income, on which alimony was based, was considerably lower than that (gross of $4,042[.00] a month.)

23. While Defendant is about 69 years old and anticipates less income this year than last year, currently he is earning as he did in better days. The Court realizes that could change at any time.

. . .

27. That . . . Defendant continues to have the means and ability to provide support to . . . Plaintiff.

28. That at present . . . Defendant is more than able to pay . . . Plaintiff's monthly shortfall of $1,660[.00].

While it appears from the trial court's findings of fact that Plaintiff's expenses had decreased since the original alimony judgment, Plaintiff still had a considerable shortfall between her income and her expenses. Moreover, Plaintiff's overall financial situation had worsened. Specifically, Plaintiff had spent her equitable distribution funds to pay bills. While the trial court had encouraged Plaintiff to invest those funds, the trial court found that "interest income from those funds would not have generated much income." The trial court further found that "Plaintiff was in no position to risk those funds in an investment which might (or might not) have generated growth, so— as predicted—. . . Plaintiff used those funds to pay bills." Plaintiff's overall financial situation also worsened because Plaintiff's credit card debt increased by $3,000.00.

Furthermore, based upon the trial court's findings, Defendant's financial condition had improved considerably since the original alimony judgment. At the time of the original alimony judgment, Defendant was unable to pay the entire amount of Plaintiff's shortfall, but at the time of the modification, the trial court found that: "Defendant [was] more than able to pay . . . Plaintiff's monthly shortfall of $1,660[.00]." These findings of fact clearly relate to Plaintiff's financial needs and to Defendant's ability to pay. *See Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. We hold that the findings of fact demonstrate a substantial change of circumstances warranting a modification of alimony. We therefore hold that the trial court's findings of fact support its conclusions of law, and we affirm the trial court's order.

Affirmed.

Judge ELMORE concurs.

Judge TYSON dissents with a separate opinion.

TYSON, Judge, dissenting.

The majority's opinion holds that the trial court's findings of fact demonstrated a substantial change in circumstances to warrant a

modification of the parties' original alimony order. I disagree and vote to reverse the trial court's order. I respectfully dissent.

## I. Standard of Review

"Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless there has been a manifest abuse of that discretion." *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999) (citing *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982)). The trial court's findings of fact are reviewed in order to determine whether competent evidence supports the findings of fact and whether the findings of fact support the conclusions of law. *Marks v. Marks*, 316 N.C. 447, 461, 342 S.E.2d 859, 867 (1986). "[I]f there is no competent evidence to support a finding of fact, an exception to the finding must be sustained and a judgment or order predicated upon such erroneous findings must be reversed." *Bridges v. Bridges*, 85 N.C. App. 524, 526, 355 S.E.2d 230, 231 (1987) (citation omitted).

## II. Modification of an Alimony Order

Defendant argues the trial court erred by modifying and increasing his alimony obligation. I agree.

### A. Substantial Change in Circumstances

An order for alimony may be modified at any time upon filing a motion in the cause and showing a change in circumstances by either party or anyone interested. N.C. Gen. Stat. § 50-16.9 (a) (2005). "As a general rule, the changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." *Rowe v. Rowe*, 305 N.C. 177, 187, 287 S.E.2d 840, 846 (1982). "The change in circumstances must be substantial with a final decision based on a comparison of the facts existing at the original order and when the modification is sought." *Broughton v. Broughton*, 58 N.C. App. 778, 781, 294 S.E.2d 772, 775, *disc. rev. denied*, 307 N.C. 269, 299 S.E.2d 214 (1982). The burden of proof is on the moving party to show that the original award is inadequate or unduly burdensome. *Britt v. Britt*, 49 N.C. App. 463, 470, 271 S.E.2d 921, 926 (1980) (citation omitted). "[T]he question of the correct amount of alimony . . . is a question of fairness to all parties." *Beall v. Beall*, 290 N.C. 669, 679, 228 S.E.2d 407, 413 (1976).

### B. Findings of Fact

Defendant argues the trial court's findings of fact are not supported by competent evidence and the findings of fact do not support the trial court's conclusion that plaintiff was entitled to a modification of the initial alimony award. I agree.

### 1. Plaintiff's Financial Needs

Defendant specifically challenges the trial court's findings of fact numbered 3, 24, 25, and 26. These findings state:

3. That the Plaintiff's reasonable needs and expenses have changed since the entry of the Order of Alimony and Plaintiff's resources are still not adequate to meet these needs and expenses.

. . . .

24. That the Plaintiff's reasonable monthly "shared" expenses are found to be $1,200 for housing and utilities based on the left side of Part B(1) of the Affidavit of Financial Standing. This amount is, of course, speculative, but by comparison with Defendant's expenses on that side, $999, and shared with Dee Kennemore, it seems reasonable. Plaintiff has $860 [sic] expenses for items on the right side of the same page (home, food, and supplies, found to be $350 in 2004, are found the same now; gas, found to be $50 in 2004, is found to be $75, given her unemployment.) These monthly shared expenses total $2,060.00 while in 2004 these monthly shared expenses totaled $2,680.00[.]

25. That the Plaintiff's monthly reasonable expenses to be $300, even though she listed $45 on her Affidavit of Financial Standing. These same expenses were found to be $600 per month in 2004.

26. That with the Plaintiff's debt service of $303 a month, her total expenses are $2,663 per month, leaving a shortfall of $1,660 per month without Alimony. In 2004 her total monthly expenses equaled $3,460.00, including debt service, leaving a shortfall of $2,449.00 per month without alimony.

It is undisputed that plaintiff's monthly expenses decreased from $3,460.00 per month in 2004 to $2,663.00 per month at the time of modification. The majority's opinion acknowledges plaintiff's decrease in expenses, but nevertheless holds that plaintiff's financial situation had worsened at the time of the hearing based on evidence

that plaintiff had: (1) depleted her equitable distribution funds; and (2) increased her credit card debt by $3,000.00.

· In the original alimony order, the trial court found "[plaintiff] has spent for her [sic] more expensive home and car than she could afford in an attempt to maintain that standard of living." Plaintiff's inflated financial spending cannot support a finding of a substantial change in circumstances. *See Harris v. Harris*, 258 N.C. 121, 126, 128 S.E.2d 123, 127 (1962) (holding a defendant's financial irresponsibility is not a basis to reduce his alimony obligation.). The trial court's calculations reveal that plaintiff's expenses in fact decreased since the original alimony order was entered and the original alimony order shows that plaintiff's fiscal irresponsibility accounts for the depletion of her funds and the increase in her debt. The trial court's findings of fact regarding plaintiff's financial needs do not support its conclusion of law that plaintiff is entitled to a modification of the original alimony award.

### 2. Defendant's Ability to Pay

The trial court also made several findings of fact regarding defendant's ability to pay plaintiff's shortfall in expenses. The trial court found: (1) defendant's financial situation improved; (2) defendant shared some of his household expenses with a roommate; (3) defendant reduced plaintiff's Visa bill from $10,546.00 to $1,000.00; (4) defendant's net income increased 77%; and (5) defendant was able to pay plaintiff's monthly shortfall in expenses.

This Court has stated that "fluctuations in income alone do not comprise changed circumstances capable of requiring modification of an alimony award." *Britt*, 49 N.C. App. at 472, 271 S.E.2d at 927. The speculative and uncertain nature of the defendant's income was recognized by the trial court's finding of fact numbered 23: "[w]hile Defendant is about 69 years old and anticipates less income this year than last year, currently he is earning as he did in better days. The Court realizes that could change at any time." The trial court's finding that defendant's fluctuating income increased over the course of one year, standing alone, does not support the conclusion of law that the plaintiff is entitled to a modification of the original alimony award based upon changed circumstances.

### III. Conclusion

"[T]he changed circumstances necessary for modification of an alimony order must relate to the financial needs of the dependent

spouse or the supporting spouse's ability to pay." *Rowe*, 305 N.C. at 187, 287 S.E.2d at 846. Plaintiff is not entitled to a modification of the original alimony order when the undisputed evidence presented shows: (1) plaintiff's expenses have decreased and (2) the depletion of the equitable distribution funds and increase in her debt were solely due to plaintiff's fiscal irresponsibility.

The only notable change in circumstances was a one year fluctuation in defendant's income, which cannot be the sole basis for a finding of changed circumstances. *See Britt*, 49 N.C. App. at 472, 271 S.E.2d at 927. The trial court's findings of fact do not support its conclusions of law. The trial court's order modifying the original alimony order should be reversed. I respectfully dissent.