KEITH C. KEAL, Plaintiff-Appellant,
v.
BELINDA LEE KEAL, Defendant-Appellee.
No. COA08-1067
Court of Appeals of North Carolina
Filed: July 7, 2009.
This case not for publication
Casstevens, Hanner, Gunter, Riopel & Wofford, P.A., by J. Huntington Wofford, for Plaintiff-Appellant.
No brief filed by Defendant-Appellee.
McGEE, Judge.
Plaintiff and Defendant were married on 27 June 1987 in Daytona Beach, Florida. They had two children born of their marriage. Plaintiff and Defendant separated on 24 July 2003, and divorced on 13 March 2006. Plaintiff remarried on 24 December 2006. Defendant has not remarried.
From the date of separation until some time in 2005, Plaintiff alleges he paid Defendant $4,400.00 in monthly support payments. Plaintiff further alleges that in 2005 he reduced his payments to $3,600.00 until Plaintiff and Defendant entered into a consent order on 21 April 2006. Pursuant to the consent order, Plaintiff agreed to pay Defendant "family support" in the amount of $3,600.00 per month, maintain health insurance coverage for Defendant and the minor children, and pay for any medical or dental expenses for the children not covered by insurance.
Plaintiff filed a complaint on 13 July 2005, seeking joint custody and equitable distribution. The custody issue was subsequently resolved between Plaintiff and Defendant, and is not before us on appeal. Defendant filed a motion for show cause and order for contempt on 12 October 2006, alleging that Plaintiff was violating the terms of the consent order. Plaintiff filed a motion to modify the consent order on 21 February 2007. These issues were tried on 29 August 2007.
In an order filed 21 April 2008, titled "Permanent Child Support, Alimony and Equitable Distribution[,]" the trial court ordered Plaintiff to: (1) pay Defendant $1,001.00 per month in child support beginning 1 September 2007; (2) pay seventy-eight percent "of the minor children's uninsured medical, dental, orthodontic, prescription medication and other health related expenses after the first $250.00 per year"; (3) maintain health insurance for the minor children; (4) pay Defendant $1,498.00 per month in alimony for a period of sixty months, or until either Plaintiff or Defendant died, or Defendant remarried or "engage[d] in cohabitation" as defined by N.C. Gen. Stat. § 50-16.9; and (5) pay Defendant "family support" arrears in the amount of $19,900.44, in the form of monthly payments of $750.00, for his failure to adhere to the support terms of the consent order. The trial court also ruled that equal division of marital and divisible property was equitable, and made determinations on how the property was to be divided. The trial court then denied Plaintiff's motion to modify the consent order, awarded Defendant attorney's fees in the amount of $20,307.75, and held open its ruling on whether Plaintiff should be held in contempt for violation of the consent order. Plaintiff appeals.
In Plaintiff's first argument, he contends the trial court erred in ordering him to pay permanent alimony to Defendant in the amount of $1,498.00 per month for a period of sixty months. We agree.
In determining an award of alimony, a trial court engages in a two-part inquiry. N.C. Gen. Stat. § 50-16.3A(a) [] provides that a trial court "shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors[.]" Once a trial court determines a dependent spouse is entitled to alimony, the trial court determines the amount of the alimony award. N.C. Gen. Stat. § 50-16.3A(b) [].
A trial court's determination of entitlement to alimony is reviewed de novo. Pursuant to N.C. Gen. Stat. § 50-16.1A(5) [], a supporting spouse is "a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." "A surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification." A dependent spouse is "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." N.C. Gen. Stat. § 50-16.1A(2) []. A deficit between a spouse's income and expenses supports a trial court's classification of that spouse as dependent.
Rhew v. Felton, 178 N.C. App. 475, 482-83, 631 S.E.2d 859, 865 (2006) (internal citations omitted) (Rhew II).
Section 50-16.3A(b) directs the trial court to "consider all relevant factors" when making the determination of alimony and enumerates fifteen such relevant (but non-exclusive) factors. N.C. Gen. Stat. § 50-16.3A(b). "'The trial court must at least make findings sufficiently specific to indicate that the trial judge properly considered each of the factors . . . for a determination of an alimony award.'" "The analysis under this test . . . requires detailed and specific findings by the trial court." "In the absence of such findings, appellate courts cannot appropriately determine whether the order of the trial court is adequately supported by competent evidence, and therefore such an order must be vacated and the case remanded for necessary findings." Accordingly, "'[t]he requirement for detailed findings is thus not a mere formality or an empty ritual; it must be done.'"
Rhew v. Rhew, 138 N.C. App. 467, 470, 531 S.E.2d 471, 473 (2000) (internal citations omitted) (Rhew I). The trial court's findings of fact must support "'conclusions of law to the effect that (a) the "circumstances render necessary" a designated amount of alimony, (b) the supporting spouse has the ability to pay the designated amount, and (c) the designated amount is fair and just to all parties.'" Perkins v. Perkins, 85 N.C. App. 660, 665, 355 S.E.2d 848, 851 (1987).
In the case before us, the trial court made no ultimate findings of fact or conclusions of law establishing it had made a determination that Defendant was a dependent spouse and Plaintiff was a supporting spouse. Without this determination, supported by detailed findings of fact, any award of alimony was improper. We must therefore vacate the 21 April 2008 order for alimony and remand to the trial court for action consistent with this holding. On remand, the trial court may hear additional evidence. Rhew I, 138 N.C. App. at 472, 531 S.E.2d at 475.
In Plaintiff's second argument, he contends that the trial court erred in ordering him to pay Defendant's attorney's fees. We agree.
"A spouse is entitled to attorney's fees if that spouse is (1) the dependent spouse, (2) entitled to the underlying relief demanded (e.g., alimony and/or child support), and (3) without sufficient means to defray the costs of litigation." We review a trial court's determination regarding entitlement to attorney's fees de novo.

Rhew II, 178 N.C. App. at 485, 631 S.E.2d at 866; see also N.C. Gen. Stat. § 50-16.4 (2007).
In making its determination of the proper amount of counsel fees which are to be awarded a dependent spouse as litigant or appellant the trial court is under an obligation to conduct a broad inquiry considering as relevant factors the nature and worth of the services rendered, the magnitude of the task imposed upon counsel, and reasonable consideration for the parties' respective conditions and financial circumstances.
Whedon v. Whedon, 313 N.C. 200, 208, 328 S.E.2d 437, 442 (1985).
Because there was no ruling by the trial court that Defendant was a dependant spouse or that Plaintiff was a supporting spouse, the trial court was without statutory authority to award attorney's fees to Defendant. We vacate the award of attorney's fees, and remand to the trial court for action consistent with this holding.
In Plaintiff's third argument, he contends the trial court erred in denying his motion to modify the 21 April 2006 consent order and in ordering him to pay Defendant $19,900.14 in family support arrears. We agree.
N.C. Gen. Stat. § 50-16.9(a) (2007) provides, in pertinent part: "An order of a court of this State for alimony [or postseparation support, whether contested or entered by consent,] may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested." In general, the change of circumstances required for modification of an alimony order "must relate to the financial needs of the dependent spouse or the supporting spouse's ability to pay." The same factors used in making the initial alimony award should be used by the trial court when hearing a motion for modification. "[T]he 'overriding principle' in cases determining the correctness of alimony is `fairness to all parties.'"
In alimony cases where a trial court sits without a jury, the trial court must "find the facts specially and state separately its conclusions of law thereon[.]" N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2007). The trial court must find "specific ultimate facts . . . sufficient for [an] appellate court to determine that the judgment is adequately supported by competent evidence."
Pierce v. Pierce, 188 N.C. App. 488, 489-90, 655 S.E.2d 863, 864 (2008) (internal citations omitted).
By a consent order filed 21 April 2006, Plaintiff was ordered to pay Defendant post-separation support in the amount of $3,600.00 per month until the occurrence of any one of a number of events. Pursuant to the terms of the consent order, Plaintiff's obligations would terminate upon "the entry of an order awarding or denying [Defendant] alimony[,]" or "the dismissal of Defendant's alimony claim[.]" This consent order was, and continues to be, modifiable by the trial court in certain circumstances. Walters v. Walters, 307 N.C. 381, 298 S.E.2d 338 (1983).
However, the trial court's 21 April 2008 order does not find the "specific ultimate facts" necessary for this Court to determine if the trial court's denial of Plaintiff's motion to modify was proper, nor does the order "state separately its conclusions of law thereon." The 21 April 2008 order does not indicate what Plaintiff's income was at the time the consent order was entered, and therefore Plaintiff's change in income cannot be determined from the 21 April 2008 order. The order contains insufficient findings of fact addressing Plaintiff's claim of changed circumstances, and does not address Plaintiff's motion in any independent fashion. Under a heading of "Contempt," the trial court states: "Plaintiff has the means and ability to pay against his support arrears in the amount of $750.00 per month[.]" There are no findings of fact, however, detailing how the trial court came to this determination. Under this same "contempt" heading, the trial court found that Plaintiff was intentionally depleting his estate by loaning money to a failing business in which he held a minor stake (it was also the business that employed Plaintiff, and after the business failed, Plaintiff went on unemployment for a period of time). Finally, under the "Contempt" heading, the trial court stated: "Plaintiff's Motion to Modify should be denied." The trial court makes no reference to Plaintiff's motion to modify in its conclusions of law, and none of the conclusions of law are relevant to Plaintiff's motion to modify.
We hold that the order of the trial court contains insufficient findings of fact and conclusions of law to support its award of $19,900.14 in family support arrears. We remand to the trial court for further action consistent with this opinion. Pierce, 188 N.C. App. at 489-90, 655 S.E.2d at 864; see also Rhew II, 178 N.C. App. at 481, 631 S.E.2d at 864.
In Plaintiff's fourth argument, he contends the trial court erred in failing to credit Plaintiff for marital debts paid from Plaintiff's separate funds after his separation from Defendant.
In its order, the trial court makes a number of determinations concerning the distribution of marital property. According to the order, Plaintiff and Defendant agreed to division of marital property resulting in a $24,338.00 value to Plaintiff and a $31,273.00 value to Defendant. The trial court ruled that Plaintiff should keep his retirement account, with a value of $21,980.00, and Defendant should keep a truck with a negative value of $1,431.00. The trial court then included the following two paragraphs:
51. Plaintiff paid a total of $39,140.00 in marital debt and Defendant paid a total of $907.00 in marital debt, which should be credited against the parties' share of the marital and divisible estate. Plaintiff used his separate (inherited) property to pay the marital debt.
52. The Court finds that an equal division of the marital and divisible estate is equitable. Therefore, in order to achieve an equal division of the marital and divisible estate, Defendant owes a distributive award of $11,332.00 to Plaintiff.
This Court is unable to determine how the distributive award figure of $11,332.00 was arrived at in light of all the equitable distribution determinations made by the trial court. We must remand for further findings of fact clarifying how the trial court reached the figure of $11,332.00. N.C. Gen. Stat. § 50-20(j) ("In any order for the distribution of property made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property and divisible property has been equitably divided.").
Plaintiff further contends that the trial court failed to consider approximately $10,000.00 he paid from his separate funds, after separation, to replace the heating and air conditioning system for the marital home, which was distributed to Defendant.
Plaintiff testified at the 29 August 2007 hearing that he paid approximately $10,000.00 to replace the heating and air conditioning system in the marital home after separation. The trial court does not address this evidence in its order. "Findings as to [incomes, liabilities or health] and other factors must be made and considered, when evidence concerning them is introduced, in determining whether marital property has been equitably divided. N.C.G.S. § 50-20(c)(1) (1987)." Armstrong v. Armstrong, 322 N.C. 396, 406, 368 S.E.2d 595, 600-01 (1988). We hold that the trial court erred in failing to address Plaintiff's evidence regarding the alleged $10,000.00 he spent on the marital home after separation, which could constitute a liability. We vacate and remand for specific findings of fact concerning this evidence.
Id.; See also Rhew II, 178 N.C. App. at 481, 631 S.E.2d at 864.
Vacated and remanded.
Judges GEER and BEASLEY concur.
Report per Rule 30(e).